17   169
83   302
83   368

## ALLIE VS. SCHMITZ.

In an action to recover possession of an undivided third of a section of land, the plaintiff, in evidence of her title, relied upon the record of a partition suit by the defendant against her and others, in which the bill stated that she was owner of an undivided third of said section, but the decree adjudged that she and J. A. (her husband) were owners of said undivided third. *Held*,

1   That the decree was conclusive as to the rights of the parties to that suit, al-

though it did not follow the allegations of the bill, and although there was no subsequent decree making actual partition.

2. That the court did not err in overruling an offer in evidence of the bill and *jurat* in said suit, apart from the rest of the record, the decree being higher evidence of title than the admissions of the bill.

3. That the plaintiff could not recover upon the evidence without joinder of her husband.

In a complaint for the recovery of real estate, the plaintiff must state the nature and extent of his interest, and upon a claim for an undivided share cannot recover either the whole or an undivided interest greater or less than that claimed; neither can he recover an undivided part upon a claim for the whole. R. S., ch. 141, sec. 4, and sec. 14, subds. 4–7.

ERROR to the Circuit Court for *Dane* County.

*Felicite Allie* brought an action in said circuit court against *John A. Schmitz*, to recover an undivided third of a certain section of land. The answer set up title to the premises in the defendant, under a tax sale made in 1851, and a tax deed recorded in 1854, and subsequent continuous occupation of the premises by the defendant for more than three years and down to the commencement of the action. On the trial, the plaintiff read in evidence a patent from the United States to Phelisse Secuyer for said section of land, granted in 1848. She then offered in evidence a certain bill in chancery and *jurat*, filed in said circuit court in 1852, by the defendant in this action, against said plaintiff and others, which bill prayed for a partition of said section of land among the parties to the suit as owners in common, and stated that the title to one undivided third part of the section was in said *Felicite Allie*, as one of the heirs of Phelisse Secuyer, and that she was the wife of Joseph Allie. The court ruled out the evidence as incompetent. The plaintiff then read in evidence the whole of the record in said chancery suit. The decree therein, which was rendered May 20, 1856, adjudged that said *Schmitz* was seized of and entitled to an undivided third part of the section; that *Felicite Allie* and Joseph Allie were seized of and entitled to another undivided third, and that the other defendants therein named were entitled to and seized of the remaining undivided third.

The decree then provided for a partition of the premises by commissioners therein named, but there does not appear to have been any report by such commissioners, or any further decree of the court in the action. After the reading of this record, both parties introduced evidence, which, under the ruling of this court, it is not material to state here. It was admitted that the plaintiff was, and had been for sixteen years, the wife of Joseph Allie. The court instructed the court, among other things, that "if the plaintiff was the wife of Joseph Allie at the date of the decree read in evidence, then, in order to recover any portion of the land, they must join in the action."

Verdict for the defendant; motion for a new trial denied; and judgment upon the verdict.

*Abbott, Gregory & Pinney,* for appellant:

The ruling of the court that the plaintiff could not recover in this action because of the non-joinder of her husband, is incorrect. Since the Married Woman's Act, husband and wife may be tenants in common, and the estate is not subject to the incidents mentioned in *Ketchum v. Walsworth,* 5 Wis., 95, such as survivorship &c. This rule obtained only where the estate became vested in the husband and wife by a conveyance or devise to them *jointly,* and not when they obtained title at different periods, nor when the title accrued before coverture. 2 Blacks. Com., 182 ; 1 Coke Litt., 576 ; 1 Greenl. Cruise, 840, 842 ; 4 Kent's Com., 380. Again, the decree did not create title to the land in the parties therein named, but only *adjudged* upon one already existing. It is evident that the plaintiff's title was by descent, and that whatever title Joseph Allie had, must have been by gift or purchase at some other time, and we are bound to presume from the statements of the bill that such title was acquired after the bill was filed, and before the decree was made. Whatever interest the plaintiff had in the land in question, therefore, was her separate property, and she could recover it without joining her husband. R. S., ch. 122, sec. 15.

*Hopkins & Foote,* for respondent:

1. The only evidence of the plaintiff's title was the record in the partition suit, which was not conclusive because no final decree had been entered. R. S., 1849, p. 74. It was not good as an estoppel, for to make a good estoppel it must operate equally upon both parties. 2 Johns.., 382: 3 Miss., 40. 2. If the record was competent evidence, it showed that the one third claimed by the plaintiff was decreed to belong to her and Joseph Allie; and the complaint in that case and the proof in this show that they were husband and wife. The plaintiff, then, is not seized of any estate individually. Husband and wife in such cases are considered as but one person, and the estate cannot be severed or aliened by either. The wife cannot maintain suit alone for its recovery, or for the recovery of a portion. Perhaps the husband could, as under the common law he was entitled to the possession during life, and that law applies to this case as the marriage occurred before 1850. *Ketchum v. Walsworth*, 5 Wis. 95. But if that rule does not apply, and they are to be regarded as tenants in common and each entitled to one sixth, this action cannot be maintained, for the plaintiff claims one third, and she cannot recover a less quantity. 17 Wend., 75; 1 Hill, 121; 6 id., 634; 4 Kern., 430; R. S., p. 838.

*By the Court*, DIXON, C. J. The judgment below must be affirmed, for the reason stated by the learned judge in his instructions to the jury, that Joseph Allie, the plaintiff's husband, was not joined in the action. The plaintiff saw fit to rest her title upon the evidence afforded by the decree of partition, and according to that it was vested jointly in herself and her husband. It was expressly adjudged by the decree that she and her husband were " seized of and entitled to the one equal undivided third part of the premises," for which this suit is brought, and the commissioners were directed to allot the same to them. It is not easy to avoid the conclusiveness of this language when exhibited as the foundation of title.

The counsel for the defendant object that it was not competent to show title by the decree, for the reason that it was not final; but we cannot agree with them. We are of opinion that, until modified or set aside in some direct proceeding, the decree is final and conclusive as to the nature and extent of the rights of the respective parties to it. It was the decree, and the only one, provided by statute, by which their rights were to be determined, the partition being a subsequent proceeding given for the purpose of carrying such decree into effect. R. S., 1849, ch. 108, secs. 19, 20, 21, 22, 23. If the parties chose to stop with a decree ascertaining their rights, and not to proceed to partition in fact, it is not perceived why their neglect to take the latter, should render the former step ineffectual.

This disposes of the exception to the exclusion of the bill of complaint and *jurat*, when offered by the plaintiff separately from the decree; the latter being, from its nature, higher and more conclusive evidence of title than any afforded by the admissions of the bill. The defendant was, therefore, entitled to have the whole record offered.

If it be objected that the decree does not follow the allegations of the bill, the answer is that that is a matter which cannot be collaterally investigated. The defendant, who was the complainant in that action, may have been mistaken with regard to the title of the plaintiff, or the court may have been in error in the judgment pronounced, but neither is a matter which affects the conclusiveness of the decree. *Tallman v. McCarty*, 11 Wis., 401; *Falkner v. Guild*, 10 id., 563.

In actions for the recovery of real property, the complaint must particularly state the nature and extent of the estate or interest of the plaintiff in the premises. R. S., ch. 141, sec. 4. Specific directions are given as to the rendition of the verdict. Sec. 14, subds. 4, 5, 6, 7. This statute received a construction in New York before its adoption here. It was held that upon a claim of an undivided share of the premises, the

plaintiff could not recover an undivided interest greater or less than the share claimed; nor could he recover the whole. Neither could he, upon a claim of the whole, have judgment for an undivided part of the premises. *Holmes v. Seely*, 17 Wend., 75; *Gillett v. Stanley*, 1 Hill, 121; *Cole v. Irvine*, 6 Hill, 634.

The alleged cause of action was not, therefore, made out, and the proof offered was such that it appears there could be no recovery by the plaintiff alone. *Ketchum v. Walsworth*, 5 Wis., 95.

Judgment affirmed.