Riehl vs. Bingenheimer.

RIEHL vs. BINGENHEIMER.

TRUST DEED — HOMESTEAD: *Deed of homestead in trust for grantor's wife and children, valid without wife's signature.— Vests legal title in* cestuis que trust.

EJECTMENT: *Variance between complaint and proof as to plaintiff's interest.*

1. Deed of an undivided three-fourths of grantor's homestead, in 1851, to A. as trustee for grantor's wife and X. and Y., his two children, and their heirs and assigns, without any duty charged upon the trustee in relation thereto. *Held,*

(1.) That the deed was not void for want of the wife's signature, not being an " alienation " of the homestead, within the meaning of the statute on that subject.

(2.) That the trust expressed in the deed being a *passive* one, the grantee took no title, but the estate vested by the statute immediately in the *cestuis que trust*, each taking the legal title to an undivided one-fourth of the land.

2. X. having died unmarried before becoming of age, and the grantor

having also died, his wife took title by inheritance to one-half the undivided fourth so conveyed to X.

3. A complaint in ejectment for an undivided share of land was properly dismissed when it appeared that the share to which plaintiff was entitled was less than that claimed.

APPEAL from the Circuit Court for *Milwaukee* County.

Ejectment. The plaintiff appeals from a judgment dismissing the complaint. The case is stated in the opinion.

*Carpenter & Murphey*, for appellant, argued, among other things, that the premises conveyed being the homestead, the deed of Paul Bingenheimer, without the signature of the wife, was void. R. S. 1849, ch. 102, sec. 52. If the wife were the only party intended to be protected by the statute relative to the homestead, there might be ground for saying that the wife was bound in consequence of the facts that said deed was partly for her benefit, and that she accepted a release of that interest from Judge Paine. But the statute is designed to protect the children also; and it makes the conveyance void as to all persons, certainly, whose rights of property are impaired or in any manner affected thereby. 2. Where, by the statute (R. S. 1849, ch. 57, sec. 3), the legal estate, under a deed of trust, vests directly in the *cestuis que trust*, the latter take the legal estate "upon the same conditions" upon which the trustee would have taken it had his title been good. The deed to Judge Paine creates a trust in fee, not only during the lives of the *three* grantees, but of their heirs and assigns forever. There was, then, a suspension of the power of the grantees to alienate the land for more than two lives then in being; and the deed was void for any purpose. R. S. 1849, ch. 5, sec. 15; *Harris v. Clark*, 3 Seld., 242; *Amory v. Lord*, 5 Seld., 403; *DeKay v. Irving*, 5 Denio, 646. 3. Paul Bingenheimer having died intestate, owning the premises in fee, they descended to his children and heirs, the plaintiff and her sister Elizabeth. R. S., ch. 63, sec. 1. On the death of Elizabeth, her interest became vested in the plaintiff. Subd. 6 of said sec. 1; *Nash v. Cutler*, 16 Pick., 491; *Sheffield v. Lovering*, 12 Mass., 491; *McAfee v. Gil-*

*more*, 4 N. H., 395; *Crowell v. Clough*, 3 Foster, 211; *Prescott v. Carr*, 9 id., 453. 4. Till dower is assigned, a widow has no estate in the lands, but at most a mere chose in action. *Green v. Putnam*, 1 Barb., 500; *Stewart v. McMartin*, 5 id., 438; 13 Wend., 536; 10 id., 414, 528; 2 Cow., 651; 17 Johns., 168; 20 id., 413; Washb. on R. P., 253. 5. In ejectment, parties are confined to their legal rights. *Parkison v. Bracken*, Burnett, 13; *Gillett v. Treganza*, 13 Wis., 472; *Eaton v. Smith*, 19 id., 537. But defendant has not even an equitable title to the land, but at most a mere personal claim against the ward for her education and maintenance. A guardian has no lien on the property of his ward for services or disbursements. *Norton v. Strong*, 1 Conn., 70. And if he had, it could not exist until the amount was ascertained and the lien declared by the decree of some competent court.

*Palmer, Hooker & Pitkin*, for respondent.

LYON, J. This action was brought to recover possession of a lot in the city of Milwaukee.

It appears that one Paul Bingenheimer, who was the father of the plaintiff and the husband of the defendant, being the owner in fee of said lot and in the occupation thereof with his family as his homestead, in July, 1851, conveyed an undivided three-fourths of the same to Byron Paine as trustee for the defendant, the plaintiff, and Elizabeth, another daughter of Paul. The deed to Judge Paine contains no particular statement or declaration of the purposes for which such trust was created, further than what is expressed in the *habendum* clause, as follows: "To have and to hold said premises as above described, with the hereditaments and appurtenances, unto the said party of the second part, as said trustee for the said *Ann Marie, Catharine* and *Elizabeth* Bingenheimer, and their heirs and assigns forever." Then follow the usual covenants of seizin, against incumbrances, and for quiet possession, running in form to the grantee, without further mention of his trust capacity. On the

same day, Judge Paine executed two deeds of such premises to the defendant, both of the same tenor and effect, conveying one of said three-fourths to her absolutely, and the other two fourths in trust for the plaintiff and Elizabeth. The view which we take of the effect of the conveyance to Judge Paine renders it unnecessary to refer further to these two deeds executed by him to the defendant.

Paul Bingenheimer died intestate in 1852, leaving surviving him the defendant, his widow, and the plaintiff and said Elizabeth, his children and only heirs. The daughter Elizabeth was never married, and she died in 1853, under the age of twenty-one years. The plaintiff became of age July 10, 1869.

On these facts the circuit judge found and held that the defendant is the owner in fee of an undivided three-eighths of said lot; one-fourth thereof by virtue of the deed from her husband to Judge Paine, and one-eighth thereof as the heir of her deceased daughter, Elizabeth. And because the plaintiff had failed to establish her right to the whole of the premises claimed by her in her complaint, judgment was ordered and duly entered dismissing her complaint, with costs. From that judgment the plaintiff has appealed to this court.

It is contended by counsel for the plaintiff, that the conveyance by Paul Bingenheimer to Judge Paine is void, because the premises sought to be conveyed by it were a homestead, and the wife of the grantor did not join in such conveyance. The statute then was, and still is, that a mortgage or other alienation of a homestead by the owner thereof, if a married man, shall not be valid without the signature of the wife to the same. This statute was enacted to protect the wife, and to enable her to protect her family, in the possession and enjoyment of a homestead, after one had been acquired by her husband; but evidently it was not intended to interpose obstacles in the way of the conveyance of such homestead to the wife, or to the wife and children, with the consent and approval of the wife, whatever might be the form of such conveyance.

Under the circumstances of this case, we are of the opinion that the conveyance to Judge Paine was not an alienation of the homestead within the meaning and intent of such statute.   The express trust which was attempted to be created by that conveyance is clearly a passive one, and the grantee took no title by virtue of the conveyance, but the legal estate vested immediately in the defendant, the plaintiff and Elizabeth, to the extent of the estate therein granted to them respectively.   R. S. 1849, chap. 57, sections 3 and 5; *Goodrich v. Milwaukee,* 24 Wis., 422.

It is argued that the statute last cited renders such conveyance void.    But it seems evident that this position is not well taken.    That statute, doubtless, renders the *trust* which was thus attempted to be created, void, but it makes the deed operative to convey the legal estate to the *cestuis que trust* therein named.

It will thus be seen that the deed to Judge Paine is valid, and that, in respect to the portion of the homestead thereby conveyed to the defendant, it performs an important office. Had the conveyance been made direct to the defendant by her husband, it would have been void at law, and she could have had no benefit therefrom in this action, which is an action at law, and in which only the *legal* title is available.    *Putnam v. Bicknell,* 18 Wis., 333.    But the conveyance being in form to a trustee for her use, but so drawn that no title to the lot vested in the trustee, the legal as well as the equitable title to that portion attempted to be so conveyed for her benefit, at once became vested in her by virtue of the statute, and she may assert such title in this action.

We conclude, therefore, that the defendant is the owner in fee of an undivided one-fourth part of the lot described in the complaint, by virtue of the deed from her husband to Judge Paine; and it is obvious that she is also the owner in fee of another undivided one-eighth part thereof, which she inherited from her daughter Elizabeth, pursuant to the revised

statutes of 1849, chap. 63, sec. 1, subdivision 3.   The circuit judge, therefore, held correctly that she was seized in fee of an undivided three-eighths of such lot at the commencement of the action.   It is not disputed that the plaintiff is the owner in fee of the remaining five-eighths thereof.

In dismissing the complaint upon this state of facts, the circuit court followed the decisions of this court in *Allie v. Schmitz*, 17 Wis., 169, and *Bresee v. Stiles*, 22 Wis., 120; and it is not claimed that these decisions are inapplicable to this case.

The answer of the defendant alleges that she was duly appointed guardian of the plaintiff in 1855, that she qualified and has ever since acted as such, and has never been discharged.  It further alleges that she has paid out large sums of money for the support and maintenance of the plaintiff, for taxes upon her real estate, and for the necessary repairs and improvements thereof.   The circuit court found that these allegations of the answer are true.

The defendant, by her answer, prayed that an account of such expenditures might be taken, and, in default of payment thereof, that the interest of the plaintiff in the lot in controversy might be sold, and the proceeds of the sale applied to pay the same; and that in the meantime the proceedings in this action be stayed.   We understand that the right of the defendant to such relief was not claimed for her on the argument in this court, and we have not examined the question.   Neither is it claimed that her dower interest in the undivided one-fourth of said lot of which her husband died seized, can be asserted in this action.

The judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.