# THE MILWAUKEE MECHANICS' MUTUAL INSURANCE COMPANY

## v.

## ALBERT KETTERLIN, FOR USE, ETC.

*Fire Insurance—Change of Title to Avoid Policy—Conveyance of Homestead by Husband and Wife.*

1. An estate of homestead under our statute may be legally conveyed from the husband to the wife.
2. Such a conveyance is such a change in the title as will avoid a policy of fire insurance containing a stipulation that any change in the title without the consent of the company shall have that effect.

[Opinion filed September 10, 1887.]

IN ERROR to the Circuit Court of Effingham County; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. S. F. GILMORE, for plaintiff in error.

Messrs. WOOD BROTHERS, for defendant in error.

The conveyance of a homestead by a husband to his wife, she not subscribing or acknowledging the same, and the husband continuing in occupancy, is insufficient to pass the legal title. The forfeiture provided in clause ten of the policy is not one favored by the law, and the party claiming it must bring himself strictly within its provisions. Hence our Supreme Court has held that either the passing of an equitable interest, or the parting of the legal title, by way of mortgage, is not such change of title as to avoid a policy, under a simi-lar clause. Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213; Com. Ins. Co. v. Spankneble, 52 Ill. 53.

Notwithstanding the deed Ketterlin still had his homestead in the insured property.

To avoid the policy, there must have been an alienation or change of title in fact; not a nominal one. Flanders on Fire Ins., 417. There must be nothing short of a conveyance of the title, a parting of all the interest of the owner and passing it to the grantee. May on Insurance, 291, Sec. 267. Hence it is well settled that the policy is not avoided by a conveyance that is, for any cause, void. Wood on Fire Ins., Vol. 1, 703; School District v. Ætna Ins. Co., 62 Me. 330; Com. Ins. Co. v. Spankneble, 52 Ill. 53.

WILKIN, P. J. The facts necessary to be considered in giving our reasons for reversing this case may be briefly stated as follows: On November 12, 1883, plaintiff in error issued its policy of insurance to defendant in error Ketterlin for $1,200 on a two-story frame store-house on lots 1 and 2 in block 9 in the Town of Dieterich, for one year.

On the 27th of December, 1883, the other defendant in error, Swan Swanson, took a mortgage on the insured premises from Ketterlin and wife to secure the sum of $950 and thereupon plaintiff in error stipulated that the loss, if any, should be payable to said Swanson as his interest might appear. This policy was renewed by Ketterlin November 11, 1884, for another year, and on the 9th day of January following, he conveyed the property by deed of general warranty to his wife, Amelia, without obtaining the consent of plaintiff in error. By the terms of the policy it is agreed that the policy shall

be wholly void if the property be sold, transferred, or if any change takes place in the title, use or occupation by act of the assured without the consent of the company indorsed on said policy. While there was a room in the building used and occupied in carrying on a small mercantile business, it was also occupied by Ketterlin as a family residence, and with the lots on which it was built, was his homestead. There were some transfers of the stock of merchandise during the years 1884 and 1885, prior to the loss. Ketterlin, however, continued to occupy the building with his family as his homestead and worked in the store as a clerk, and we hold that there was not such a change of the use and occupation of the premises as would work a forfeiture of the policy.

There is a conflict in the evidence as to whether the premises were worth more than $1,000, but the jury no doubt found that fact in favor of the theory of defendants in error and we have no disposition to disturb that finding. The legal question, therefore, as to whether the conveyance by Ketterlin to his wife produced such a change in the title to the insured premises as by the stipulation in the policy renders it void, may be considered in the light most favorable to defendants in error. It is earnestly insisted and ably argued by counsel in their behalf that the deed being from husband to wife and purporting to convey a homestead not exceeding in value $1,000, is absolutely void for the reason that by the express provisions of our statute no release, waiver or conveyance of the estate of homestead shall be valid, unless the same is in writing, subscribed by the householder, and his or her wife or husband if he or she have one. The question here involved may be further simplified by stating it thus: can the estate of homestead under our statute be legally conveyed from husband to wife?

Although it has not been decided by our Supreme Court, on the authority of Thompson on Homesteads, 473; Ruhl v. Bingenheimer, 28 Wis. 84; Iron v. Mills et al., 41 Tex. 310, and Stevens v. Castal (Sup. Ct. Michigan), 5 Western Rep. 724, the question must be answered in the affirmative. These authorities, in upholding such conveyance, proceed upon the

reasoning that the statutory requirement that husband and wife shall join in a conveyance of the homestead is for the protection and benefit of the wife, and hence, when the conveyance is to her, its sole object is accomplished without her joining.

It is true that under our statute, children have an interest in the homestead, but it is an interest absolutely under the control of the parents, and in no sense a vested interest. The parents may defeat it at pleasure by conveyance or abandonment. Clubb v. Wise, 64 Ill. 157; Shepard v. Brewer et al., 65 Ill. 383. The validity of the conveyance by Ketterlin to his wife being questioned upon no other ground, we hold that the title was changed thereby, and being without the consent of plaintiff in error, rendered the policy void and for that reason the judgment of the Circuit Court must be reversed.

*Reversed.*