J. B. EHRSAM MACHINE COMPANY V. PHENIX INSUR-
ANCE COMPANY OF BROOKLYN.

FILED JANUARY 17, 1895.   No. 5831.

1. **Insurance**: FALSE REPRESENTATIONS BY APPLICANT AS TO
   TITLE. Where an applicant for insurance falsely represented
   that he had title to the property in respect to which said insur-
   ance was sought, a provision in the policy that such false repre-
   sentation would avoid the policy should be enforced in the ab-
   sence of a showing to the contrary.

2. ———: TRANSFER OF TITLE TO INSURED PROPERTY. Where a
   policy provided that the alienation of the title of the insured
   without the knowledge or assent of the insurer would avoid the
   policy, this provision will be enforced when no reason to the con-
   trary is shown to exist.

ERROR from the district court of Franklin county. Tried
below before GASLIN, J.

*F. I. Foss*, for plaintiff in error.

*Jacob Fawcett, contra.*

RYAN, C.

On the 11th day of April, 1889, the J. B. Ehrsam Ma-
chine Company agreed to sell to the Eagle Milling Com-
pany, of Franklin county, Nebraska, certain machinery for
use in its grist mill. Payments were to be made as follows:
$150 in cash, of which the receipt was acknowledged; $200
on receipt of machinery; $218.58 three months from ship-
ment; $218.58 six months from shipment; $218.59 nine
months from shipment. For the deferred payments prom-
issory notes were given by the Eagle Milling Company, in
each of which was this provision immediately following a
description of the property: "And delivery of said personal
property is made to the maker hereof upon the express
condition that the title to the said personal property shall

remain in the payee hereof, his assigns and his legal repre-
sentatives, until this note is paid in full, together with all
costs of collection." These notes have not yet been paid.
After the delivery of the aforesaid personal property to the
Eagle Milling Company that company insured it with de-
fendant in error, loss, if any, being made payable to the J.
B. Ehrsam Machine Company, as its interest might appear.
During the time covered by the policy of insurance the
Eagle Milling Company transferred its interest in the in-
sured property to Louise S. Schwarz, who was the holder
thereof at the time the property was destroyed. Notwith-
standing a provision in the policy that the transfer of the
interest of the assured in the property would operate to
avoid the policy itself, unless assented to by the defendant
in error, the transfer just referred to was made without such
knowledge or assent. There was no attempt to explain how
this happened, neither was there evidence of any fact which
would operate to suspend or avoid the provisions of for-
feiture resulting from the terms of the policy. So far as
the rights of plaintiff in error were concerned in this case,
it is deemed sufficient to remark that by its own showing
the title of the property insured was retained by it, and
that the interest of the Eagle Milling Company was only
that of one in the possession of personal property with the
right to acquire title when payment therefor should be fully
made. This right of plaintiff in error, if measured by the
provisions above quoted, would bar its right of recovery,
for the representation of the Eagle Milling Company that
it was the owner of the property, was false when made for
the purpose of procuring the issuance of the policy herein
sued upon. The plaintiff in error has made no showing of
any reason why the forefeiture of the policy above referred
to did not extend to and involve its rights thereunder.
The district court properly instructed the jury to find for
the defendant, and the judgment rendered on that verdict is

AFFIRMED.