FARMERS & MERCHANTS INSURANCE COMPANY v. IVER JENSEN.

FILED OCTOBER 5, 1898. No. 9877.

56 284
s58 523
56 284
61 200
61 201

1. **Insurance.** An insurance contract is a personal one between insured and insurer.

2. ———: TRANSFER OF TITLE. A provision in a fire insurance policy that it should cease to be in effect if the insured conveyed the title of the insured property without the insurer's consent is a reasonable and valid one.

3. ——: ——: TERMINATION OF CONTRACT. An insured and his wife conveyed by warranty deed the insured property to their son, who at the same time conveyed the premises by warranty deed to the wife of the insured. This transaction occurred in pursuance of an agreement between the husband and wife that the latter should hold the title to the insured property in trust for her husband. The insurance policy provided that it should cease to be in force "in case any change shall take place in the title of the assured." *Held*, That the conveyance terminated the contract of insurance.

ERROR from the district court of Saunders county. Tried below before SEDGWICK, J. *Reversed.*

The opinion contains a statement of the case.

*Halleck F. Rose* and *Wellington H. England*, for plaintiff in error:

The pleadings and proof establish a breach of the condition against change of title, and the company is not liable. (*Oakes v. Manufacturers Fire & Marine Ins. Co.*, 131 Mass. 164; *Baldwin v. Phœnix Ins. Co.*, 60 N. H. 164; *Langdon v. Minnesota Farmers Mutual Fire Ins. Ass'n*, 22 Minn. 193; *Milwaukee Mechanics Mutual Ins. Co. v. Ketterlin*, 24 Ill. App. 188; *Milwaukee Trust Co. v. Lancashire Ins. Co.*, 70 N. W. Rep. [Wis.] 81; *Dadmun Mfg. Co. v. Worcester Mutual Fire Ins. Co.*, 11 Met. [Mass.] 434; *Savage v. Howard Ins. Co.*, 52 N. Y. 502.)

*Clark & Allen, contra:*

The wife of insured held the naked legal title in trust for him. She held the title subject to his order, and agreed to convey it whenever he so directed. The insurable interest was therefore unaffected by the transfer, and the company is liable on the policy. (*Ayres v. Hartford Fire Ins. Co.*, 17 Ia. 178; *Sun Fire Office v. Clark*, 42 N. E. Rep. [O.] 248; *Grable v. German Ins. Co.*, 32 Neb. 645; *Bailey v. American Central Ins. Co.*, 13 Fed. Rep. 254; *New Orleans Ins. Co. v. Gordon*, 68 Tex. 144; *Imperial Fire Ins. Co. v. Dunham*, 12 Atl. Rep. [Pa.] 674; *Diehlman v. Dwelling-*

House Ins. Co., 43 N. W. Rep. [Mich.] 1045; Sun Fire Office v. Wich, 39 Pac. Rep. [Colo.] 587; Continental Ins. Co. v. Ward, 31 Pac. Rep. [Kan.] 1079; Stephens v. Illinois Mutual Fire Ins. Co., 43 Ill. 328; Dupreau v. Hibernia Ins. Co., 43 N. W. Rep. [Mich.] 585; Rumsey v. Phœnix Ins. Co., 17 Blatch. [U. S. C. C.] 527.)

RAGAN, C.·,

This is an error proceeding instituted in this court by the Farmers & Merchants Insurance Company to review a judgment of the district court of Saunders county pronounced against it in favor of Iver Jensen. Jensen in his petition declared upon an ordinary fire insurance pol· icy. The insurer interposed as a defense to the action that the contract of insurance provided that it should cease to be in force "in case any change shall take place in the title  *  *  *  of the assured in the above mentioned property" without the consent of the insurer thereto indorsed on the policy; that after the delivery of the policy the insured, his wife joining therein, conveyed the real estate on which the insured property was situate, by ordinary warranty deed, to one John H. Jensen, and that the latter afterward by an ordinary warranty deed conveyed the insured property to the wife of the insured, all without the knowledge or consent of the insurer. The insured attempted to meet this defense by a reply admitting the conveyance of the title by the insured to John H. Jensen and by him to the wife of the insured, but alleging that these conveyances were made in pursuance of an agreement between the insured and his wife that the latter should and would hold the title to the property for the use and benefit of the insured and subject to his direction and control.

The judgment of the district court cannot stand. The provision in the policy that it should cease to be in force if a change should take place in the title of the insured without the consent of the insurer is a valid and reasonable provision. An insurance contract is a personal one

between the insured and the insurer. An insurance company might be very willing to guaranty A against loss or damage of his property by fire, but unwilling to furnish such a guaranty to A's vendee; and it is for this reason that such a provision as the one under consideration is inserted in fire insurance policies, so that in case the insured shall transfer his title the insurer may have notice thereof and an opportunity to elect whether it will keep the policy in force in favor of the grantee or vendee; and it is because the courts recognize such a provision in an insurance policy to be a personal contract between the insurer and the insured that they hold that the violation thereof by the insured terminates the contract of insurance. (*Milwaukee Mechanics Mutual Ins. Co. v. Ketterlin,* 24 Ill. App. 188; *Langdon v. Minnesota Farmers Mutual Fire Ins. Ass'n,* 22 Minn. 193; *Oakes v. Manufacturers Fire & Marine Ins. Co.,* 131 Mass. 164; *Ehrsam Machine Co. v. Phenix Ins. Co.,* 43 Neb. 554.)

Counsel for the defendant in error insist that since the wife of the insured holds the legal title to the insured property in trust for him there has been no violation of the provision of the policy under consideration by the assured. This contention we think untenable. The provision of the policy is that if any change should take place in the title of the assured, the policy should cease to be in force. Certainly the execution and delivery of the warranty deed by the assured and his wife to John H. Jensen vested the latter with the legal title to these premises; and the execution and delivery by the latter of the warranty deed to the wife of the assured vested her with the legal title to these premises. There has been, then, a change in the title of the assured. The authorities cited by counsel for defendant in error do not sustain their contention. One of these cases is *Grable v. German Ins. Co.,* 32 Neb. 645. In that case the assured, without the knowledge or consent of the insurer, entered into a contract in writing, agreeing to sell the insured property and make a conveyance thereof upon the payment of certain

sums of money in future by the purchaser. This contract was interposed as a defense to a suit on the insurance policy; but the insurance company was held liable upon the ground that the contract agreeing to sell and convey was not an alienation of the title to the property. Another case cited is *Bailey v. American Central Ins. Co.*, 13 Fed. Rep. 250. In that case the policy was issued to a mortgagee. He subsequently became the owner of the insured property, after which it was destroyed by fire. In a suit upon the policy the insurance company interposed the defense of a change of title without its knowledge or consent; but the court held that a mere increase of his interest in the insured property was not a change of title within the meaning of the contract.

The judgment of the district court is

REVERSED AND THE CAUSE REMANDED.