(89 App. Div. 167.)

## PLACE v. KENNEDY et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. PARTITION—ISSUES—TRIAL OF TITLE.

Code Civ. Proc. § 1543, provides that in an action for partition the title of the plaintiff or any defendant as stated in the complaint may be controverted by the answer of any defendant, and the issues thus joined must be determined in the action. Section 1540 authorizes the joinder as a defendant of any person having a lien or interest attaching to the entire property; and section 1542 provides that, if the interest of the party is unknown, that fact must be stated in the complaint. *Held*, that under such sections the plaintiff in an action for partition was entitled to join a person claiming an adverse interest in the property, and try the title on an issue so joined to a jury, and was not bound to settle such issue at law.

Appeal from Special Term, Kings County.

Action by David M. H. Place against Georgiana Estelle Kennedy and others. From a judgment in favor of plaintiff, and from an order denying defendant Kennedy's motion to vacate the same, she appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Alfred B. Cruikshank, for appellant.

Burton C. Meighan, for respondent.

GOODRICH, P. J. This is an appeal from a judgment for partition of property in Westchester county. The plaintiff alleged that

David Hains, Sr., died in 1831, leaving a will by which he devised the property in question to his son, David Hains, Jr., for his life, and upon his death to his lawful issue, whether children or grandchildren; that David Hains, Jr., died in 1891, leaving as his only lawful issue his grandchildren, the plaintiff and the defendant Eva Rogers. The plaintiff made parties defendant Georgiana E. Kennedy and others, alleging that they asserted some claim or interest in the property, which constituted a cloud upon the title. He demanded judgment for a partition of the premises according to the rights of the respective parties; that the premises might be sold, and the proceeds divided among the owners according to their several rights and interests therein; and to that end that the rights and interests of the parties interested in said premises or the proceeds might be determined. Several of the defendants answered, and among them Mrs. Kennedy, but, as none except herself appeals from the judgment, it becomes necessary to examine only her contention. Her answer sets out portions of the will under which she claimed title, upon the allegation that David Hains, Jr., died without leaving any lawful issue. The pertinent clause of the will devised a life estate in the premises to David Hains, Jr., and at his decease to his son, David M. Hains, and, if the latter should die leaving no lawful issue, then to the lawful issue of his daughter, Margaret A. Hains. Mrs. Kennedy alleges that she is the granddaughter of Margaret, and that she and Catharine E. Downing, who is not a party, on the death of David M. Hains became the owner of the premises. She demanded affirmative judgment that the plaintiff and the defendants other than herself surrender to her the possession of the premises and account to her for the rents and profits.

Section 1543 of the Code of Civil Procedure provides that in an action for partition the title or interest of the plaintiff or any defendant in the property as stated in the complaint may be controverted by the answer of any defendant, and that the issues thus joined must be tried and determined in the action. This course was pursued at the trial, where the questions were submitted to and answered by the jury under direction of the court, as follows:

"Second. Is [sic] the plaintiff, David M. H. Place, and the defendant Eva Rogers the lawful issue of Annie E. Hains, later Annie Place? Answer. Yes. Third. Was Annie E. Hains, later Annie Place, the lawful issue of David M. Hains? Answer. Yes."

After the verdict had been entered, Mrs. Kennedy moved to dismiss the complaint, and the motion was denied, and an interlocutory judgment entered, from which Mrs. Kennedy alone appeals.

The memorandum filed by Mr. Justice Gaynor, the learned trial justice, is as follows:

"The defendant Kennedy, by her answer, has chosen to make an issue, and to pray therein for affirmative relief accordingly. She has thereby submitted her claims to adjudication in this action. Judgment for the plaintiff."

The learned counsel for the appellant states in his brief that "the claim to affirmative relief was abandoned on the trial." I find nothing in the record to corroborate the statement. He also cites numerous authorities to the effect that where, in partition actions, the plain-

tiff's title or right of possession are disputed, the plaintiff should be remitted to his action at law. This point is set at rest by the case of Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952, where the court said (pages 95, 96, 173 N. Y., page 952, 65 N. E.):

"It is doubtless true that during a long period in the history of our jurisprudence, while partition actions were regarded as peculiarly within the domain of equity jurisdiction, whenever it appeared that the title or right of possession of the plaintiff was disputed, or that he had been actually ousted by his co-tenants, courts of equity would withhold relief, and remit the parties to their action at law. The principal reason for this was that there was no adequate provision for a jury trial of issues involving questions of title, but this reason has been removed by legislation embraced within the provisions of the present Code. Considering these enactments in their fair scope and meaning, they seem to permit the retention within the jurisdiction of equity of partition actions even where the question of adverse possession is involved. The statute prescribes in great detail the persons who must be made defendants (Code, § 1538), and further on the persons who may be made defendants at the election of the plaintiff. Among the latter class is mentioned a 'creditor or other person having a lien or interest which attaches to the entire property.' Section 1540. If the share, right, or interest of a party is unknown to the plaintiff, that fact must be stated in the complaint. Section 1542. This last provision seems to contain the clear implication that the plaintiff may join as defendants in the action persons in possession, or who claim some interest the nature and character of which is unknown. It is broad enough to include intruders, trespassers, or persons claiming title, or some right adverse and hostile to the plaintiff. It would seem to be plain that it was intended to permit the plaintiff to join as defendants parties claiming some interest in the property, although these persons might not, in any legal sense, be co-tenants, but claiming adversely. The title or interest of any party may be put in issue by pleading, and the issue tried by a jury. Sections 1543, 1544. Thus we see that all the obstacles to the full and complete jurisdiction of equity in actions for partition have been swept away."

The judgment is correct, and should be affirmed, with costs. All concur.