(101 App. Div. 193)

## PLACE v. ROGERS et al.

(Supreme Court, Appellate Division, Second Department. January 27, 1905.)

1. PARTITION—TITLE—TRIAL—PRIOR SUIT PENDING.

The title of a party interested in certain land may be determined in a partition suit to which she is. a party, regardless of the pendency of a prior ejectment suit by her to recover the same premises.

2. SAME—RES JUDICATA.

In a suit for partition, an interlocutory judgment of partition and sale, declaring the interest of each party in the property, etc., as authorized by Code Civ. Proc. § 1546, was res judicata as to a claimant of an interest in the property who appeared and claimed title similar to that pleaded by her in a prior undetermined ejectment suit to recover the same property.

3. SAME—BONA FIDE PURCHASERS—APPEAL.

Where an interlocutory judgment in partition, decreeing a sale of the property, and declaring the rights of the parties, was affirmed on appeal to the Appellate Division, whereupon one of the claimants appealed to the Court of Appeals, filing the usual $500 undertaking, a bona fide purchaser at a sale pending such appeal would be protected under Code Civ. Proc. § 1323, providing for restitution on reversal or modification of a judgment on which property has been sold, and authorizing the court to compel the value or the purchase price to be restored, or deposited to abide the event of the action, as justice requires.

Hooker, J., dissenting.

Appeal from Special Term, Westchester County.

Action by David M. H. Place against Eva Rogers and others. From an order denying a motion for a stay of sale under an interlocutory judgment in partition, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Burton C. Meighan, for appellant.
Grenville T. Emmett, for respondent.

JENKS, J. This appeal is from an order of the Special Term denying a motion for a stay of sale under an interlocutory judgment in partition until an action in ejectment be finally determined. In 1895, and prior to the beginning of the partition suit, Georgiana Kennedy and Catharine Downing (who has since died intestate, whereby her interest, if any, is now vested in the said Kennedy) began an action in ejectment from the same premises; contending that Place, Rogers, and Silleck were in wrongful possession, without title or interest. Place, Rogers, and Silleck appeared and joined issue, asserting title. That action is at issue and undisposed of. In 1904 the defendant Place moved to dismiss the complaint because of the plaintiffs' lack of prosecution, and because the judgment in this partition suit had determined the question of title. This motion was denied. This partition suit was brought in 1899 by the said Place against the said Rogers, Silleck, and Kennedy; Kennedy, it must be remembered, being now the sole plaintiff in the pending ejectment suit. Place complained "that, as the plaintiff is informed and believes, the defendants, Sarah Silleck, Georgiana Estelle Kennedy, John Tompkins, and William H. Burckhardt, have no valid

claim or interest in the said premises, but that they assert some claim or interest thereto, the precise nature of which is unknown to plaintiff, and that their said claim constitutes a cloud upon the title to the said premises, and therefore they are made parties to this action"; and he demanded that judgment "for a partition and division of said premises according to the respective rights of the parties aforesaid be rendered, or, in case a partition thereof cannot be made without great prejudice to the owners, that the same may be sold by and under the direction of this court, and that the proceeds of the sale, after paying the costs and charges of this action, may be divided among the owners thereof according to their several rights or interests therein, and, to that end, that the rights and interests of the parties interested in the said premises, or in the proceeds of the sale thereof, may be ascertained and determined by the judgment of this court, and for such further and other relief or judgment as may be just and equitable." Kennedy, in effect, pleaded her title, and demanded affirmative relief. Upon such pleadings the case was tried by a jury, and a verdict was returned in favor of Place, Rogers, and Silleck. The interlocutory judgment declared that 'the title was in them, adjudged that the defendant Kennedy had no right, title, or interest in the premises, and barred her therefrom forever; the judgment to be final and conclusive. Kennedy appealed from the interlocutory judgment, and we unanimously affirmed it. 85 N. Y. Supp. 766. She thereupon appealed to the Court of Appeals, filing the usual undertaking of $500.

There is no question that the title of Kennedy could be tried and determined in the partition suit. Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952; Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, 33 Am. St. Rep. 697. That suit went to interlocutory judgment of partition and sale, which is the decree afforded by the statute, and which shall declare the right, share, and interest of each party in the property, so far as the same has been ascertained, and must determine the rights of the parties therein. Section 1546, Code Civ. Proc. As no further decision as to the title is to be made, and no further judgment thereon is to be entered, I think that, so far as that question is concerned, the successful party may rest upon this interlocutory judgment. Allie v. Schmitz, 17 Wis. 169.

The opposing affidavits on the motion made in the ejectment action are in this record, and it appears therefrom that Kennedy alleges title to the premises because she is the only legitimate heir of David Hains, and such is the title she pleads in the partition action. I am of opinion that the adjudication of title in the partition action is res adjudicata as to Kennedy. Masten v. Olcott, 101 N. Y. 153, at page 157, 4 N. E. 274, at page 275; Jenkins v. Fahey, 73 N. Y. 355, 360; Jordan v. Van Epps, 85 N. Y. 427; Doolittle v. Don Maus, 34 Ill. 457; Fleenor v. Driskill, 97 Ind. 27; Hardy v. Beaty, 84 Tex. 562, 19 S. W. 778, 31 Am. St. Rep. 80; Cole v. Hall, 2 Hill, 625, 627; Clapp v. Bromagham, 9 Cow. 530, 569; Leavitt v. Wolcott, 95 N. Y. 212; Hermann on Estoppel, 303, 307; Lahey v. Kortright, 132 N. Y. 450, 30 N. E. 989.

The force of the judgment is not affected by the fact that it was rendered in a suit begun after another action which likewise involved this same question of title. Casebeer v. Mowry, 55 Pa. 422, 93 Am.

Dec. 766; Duffy v. Lytle, 5 Watts (Pa.) 120; Black on Judgments, vol. 2, § 791. A bona fide purchaser at the sale would be protected. Section 1323, Code Civ. Proc. See, too, Murray v. Berdell, 98 N. Y. 480, 485.

The order should be affirmed, with costs. All concur, except HOOKER, J., who dissents.