No. 38,371

EDWARD E. KOENKE, *Appellee,* v. IOWA HOME MUTUAL CASUALTY COMPANY, *Appellant,* and C. H. HANSEN, *Appellee.*

(235 P. 2d 983)

Opinion filed October 6, 1951.

*Marion Beatty,* of Topeka, argued the cause, and *Edward H. Sondker* and *Ernest J. Rice,* both of Topeka, and *Charles E. Henshall,* of Chanute, were with him on the briefs for the appellant.

*Frank P. Eresch,* of Topeka, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by Edward E. Koenke on an insurance policy to recover the value of an automobile destroyed by fire. The insured also made C. H. Hansen a party defendant by virtue of an alleged interest the latter had in the vehicle.

The appeal is by the Iowa Home Mutual Casualty Company, the insurer, from orders overruling its separate demurrers to plaintiff's amended petition and to defendant Hansen's answer.

Omitting the caption and introductory paragraph the amended petition, which will be referred to hereafter as the petition, alleged:

"That on or about the 18th day of October, 1948, said plaintiff did purchase from the duly licensed agent of the defendant one policy of insurance together with certain endorsements and riders attached thereto which copy of said policy of insurance is attached hereto and marked Exhibit 'A' and made a part of this petition the same as if fully copied herein; that said insurance policy covered one 1948-56c Buick Convertible Coupe covering the actual value of said automobile; that at the time of the purchase of said insurance said defendant was notified that said automobile was encumbered for money due and advanced by one Charles H. Hansen of R. F. D., Humboldt, Kansas, and that said amount of indebtedness was in the amount of $3073.75 and that said defendant did issue and attach to said original policy an endorsement which is attached hereto and marked Exhibit 'B' and made part of this petition the same as if fully copied herein; that on the 18th day of October, 1948, this plaintiff executed his promissory note in favor of Charles H. Hansen in the amount of $3073.75 and that by the terms of said promissory note said plaintiff was obligated to pay Charles H. Hansen weekly installments in the amount of $25.00 each week until the note was paid; that a copy of said note and the endorsed payments thereon is attached hereto, marked Exhibit 'C' and made a part of this petition the same as if fully copied herein.

"Plaintiff further alleges that said defendant and its agents were fully appraised of this situation and that at the time of issuing said insurance were informed of the special interest which Charles H. Hansen had in said automobile and did implement the request of said plaintiff by attaching said endorsement herein set out as Exhibit 'B' to said policy.

"That thereafter and on or about the 1st day of July, 1949, said plaintiff did default in the payments on said promissory note and that on or about the 1st day of August, 1949, he did physically deliver said security to Mr. Charles H. Hansen in trust for himself and other creditors and that said Charles H. Hansen did orally agree that he would hold said property in trust pending arrangements with creditors to enable said plaintiff to marshal his assets and to pay to said Charles H. Hansen that money which was due by reason of said promissory note herein referred to and again take possession of said automobile; that said plaintiff did sign a certificate of title and deliver the same to the defendant, C. H. Hansen, but that said signing and delivery was subject to said oral agreement heretofore set out as entered into between the defendant, C. H. Hansen and the plaintiff herein.

"Your plaintiff further alleges that said Charles H. Hansen did accept said automobile under said terms and did place said automobile in the garage at the premises of C. H. Hansen, Route No. 1, Humboldt, Kansas, in accordance with said agreement made and entered into between the plaintiff and the said Charles H. Hansen.

"The plaintiff further alleges that on or about the 11th day of September, 1949 said building in which Charles H. Hansen had placed said automobile was destroyed by fire and that said automobile which was the subject of this insurance was completely destroyed by said fire and that said automobile as hereinbefore described was a complete and total loss."

The petition further alleged:

"That the fire heretofore referred to occurred within 45 days after said Buick automobile was turned over to Charles H. Hansen under the agreement heretofore mentioned and that said loss occurred prior to the expiration of sixty days after said change of possession.

"This plaintiff further alleges that he has made a demand upon Mr. Charles H. Hansen for the return of said automobile but that said return has not been effected by reason of said fire as heretofore stated.

"Plaintiff further alleges that by reason of said promissory note heretofore set out and referred to as Exhibit 'C,' plaintiff is indebted to C. H. Hansen in the amount of $2523.75 and that the reasonable value of said automobile turned over to said plaintiff was in excess of the indebtedness by the plaintiff to the defendant, C. H. Hansen.

"The plaintiff further alleges that in accordance with the endorsement attached to said policy of insurance marked Exhibit 'B' of this petition said C. H. Hansen did make proper proof of loss to the defendant insurance company and on the 28th day of October, 1949 said company did recognize said proof of loss and did notify said plaintiff in writing that said company denied any and all liability on the loss which occurred on September 12, 1949. That a copy of said letter is attached hereto and marked Exhibit 'D.'

"This plaintiff alleges that at the time of said fire loss said automobile as covered by the mentioned policy of insurance and attached hereto as Exhibits 'A' and 'B' was of the reasonable value of $3000.00.

"WHEREFORE, this plaintiff prays judgement in the amount of $3000.00 and reasonable attorneys fees and costs in this action."

The original insurance policy, the amendment thereof in the form of an endorsement, the note and mortgage to Hansen together with credits thereon and the letter of appellant denying all liability on the ground no coverage was available at the time of the loss were all made a part of the petition.

The endorsement states it constitutes an amendment of the policy. The endorsement undertook to insure whatever interest Hansen as well as the plaintiff-appellee had in the vehicle. It reads:

"Loss if any under coverages D, E, F, G, H and/or combined additional coverage shall be Paid to the insured and Charles H. Hansen as their interests may appear."

The space provided in the endorsement for a description of the exact nature and character of Hansen's interest was left entirely blank by appellant in preparing the endorsement. In that condi-

tion it was approved and signed by appellant's president at its home office.

The appellee Hansen's answer disclosed he entered his voluntary appearance and that by leave of court filed his answer in which he admitted the allegations of the petition and prayed for judgment in the sum of $2,523.75 against the insurer, appellant, together with interest, costs and attorney fees. From the order permitting Hansen to file such an answer, instead of appearing as a plaintiff, there is no appeal.

The demurrer of the appellant to the petition was on the grounds that:

"1. Several causes of action are improperly joined, and

"2. The petition does not state facts sufficient to constitute a cause of action against this demurring defendant."

The demurrer to the answer of Hansen was on the ground it failed to state a cause of action against appellant. The appellee Hansen filed no brief but has indicated he concurs in the brief of the plaintiff-appellee.

What about the first ground of the demurrer to the petition? The basis thereof is that a cause of action must be framed on some distinct and definite theory in order that a defendant may prepare his defense intelligently. There is no question that this is the rule. In attempting to apply it appellant argues the petition fails to comply therewith for the reason it is confusing in that it might be interpreted as an action against the insurer to collect insurance, or as an action in conversion against Hansen and for a return of the vehicle, or as an action for an accounting between the plaintiff-appellee and Hansen. We observe appellant, however, commendably concedes it was probably an action to collect insurance based on the policy with other allegations included.

The original policy and the endorsement must be regarded as a single contract which undertakes to insure the interests of both the plaintiff-appellee and Hansen "as their interests may appear." We think the amended petition reasonably interpreted discloses the plaintiff-appellee attempted to state the material facts pertaining to the transactions between the three parties involved and to obtain in a single action an adjudication of the rights of both insured parties "as their interests may appear." So construed the petition was not subject to demurrer for improper joinder of causes of action. Appellant's theory in refusing to pay the insurance was that no

coverage was available at the time of the loss. It does not appear appellant will have any serious difficulty in preparing its defense to the action of the plaintiff-appellee or to meet the answer of Hansen which in essence adopts the allegations of the petition and which, for all practical purposes, may be, and was, treated by appellant as a petition. In so construing Hansen's answer we are not placing our stamp of approval on this form of pleading but are merely concluding appellant was not and will not be misled thereby.

What about the second ground of the demurrer to the petition? Does it state a cause of action in favor of the plaintiff-appellee? Appellant contends it does not for various reasons. One is the petition discloses the plaintiff-appellee breached the policy by removing the vehicle to a rural community from a place in Wichita where the policy provided it was to be principally garaged and therefore neither he nor Hansen may recover. The contention is grounded on the principle that premium rates are higher in rural communities where there is inadequate fire protection. Manifestly there is often a sound basis for such a contention. Here, however, the plaintiff-appellee paid a premium for a comprehensive policy, except as to causes of loss not here material. The insuring agreement VIII further expressly provides:

"VIII. Policy Period, Territory, Purposes of Use: This policy applies only to accidents which occur and to direct and accidental losses to the automobile which are sustained during the policy period, while the automobile is within the United States of America, its territories or possessions, Canada or Newfoundland, or is being transported between ports thereof, and is owned, maintained and used for the purposes stated as applicable thereto in the declarations."

It is not contended that if the plaintiff-appelle had driven the car to and garaged it at the place where it was destroyed the vehicle would have not been covered. It seems to us another factor also must be noted. The amended petition expressly states appellant and its agents were fully apprised of Hansen's interest in the vehicle, as alleged in the petition, at the time the insurance policy was originally issued. The later amendment of the policy by an endorsement clearly recognized Hansen presumably had some interest therein to be protected by insurance. At any rate the purpose of the endorsement was to have Hansen's interest indicated in the policy and to insure that interest. The description of the nature and character of Hansen's interest was entirely omitted from the en-

dorsement by appellant's agent and in that condition, as previously stated, the policy was approved and signed by appellant's president.

If appellant is correct in contending Hansen was a mere mortgagee and that the alleged trust agreement may be ignored it is difficult to understand why appellant did not realize Hansen might take and retain possession of the vehicle. G. S. 1949, 58-307 provides:

"In the absence of stipulations to the contrary, the mortgagee of personal property shall have the legal title thereto, and the right of possession."

Notwithstanding all appellant knew, according to the allegations of the petition, it agreed by its endorsement to protect both the plaintiff-appellee and Hansen to the extent of whatever interest they might have in the vehicle. In view of the terms of the entire policy and what appellant, for purposes of the demurrer to the petition, admits to have known concerning both the mortgage and the alleged trust agreement we think it cannot be said the policy was breached by a removal of the car from the city of Wichita. Whether the allegations of the petition can be established by proof is a matter about which we, of course, have no present concern.

Appellant also argues the plaintiff-appellee had completely divested himself of title to the vehicle, was not the owner thereof and had no insurable interest therein whatsoever at the time of the fire. The answer to such contention is that it is contrary to the allegations of the petition and contrary to an apparent recognition by appellant of some interest in the plaintiff-appellee which the endorsement undertook to protect. Whether such an interest can be demonstrated on the trial is not the issue now.

Appellant further stresses the provision in item VIII of the policy that the policy applied only while the automobile was owned, maintained and used for the purposes stated as applicable thereto in the declarations. Its emphasis is placed on the word "owned". This provision would be significant were it not for appellant's alleged knowledge of the arrangement existing between the plaintiff-appellee and Hansen at the time the policy was issued and the amendment of the policy by means of the endorsement to cover their respective interests.

It is probably well to observe there is no attempt here to vary or modify the terms of a written endorsement by asserting a different character of interest held by the plaintiff-appellee or Hansen from that described in the total policy. This is a case in which the description of the nature and character of their interests was wholly

omitted from the endorsement by the insurance company itself and yet it nevertheless contracted to and did insure those interests, whatever they might prove to be.

Appellant cites *Farmers & Merchants Ins. Co. v. Jensen*, 56 Neb. 284, 76 N. W. 577, pertaining to a trust agreement between the insured and another which was held to be in violation of the terms of a policy pertaining to title. The case does not deal with an amendment of a policy by a subsequent endorsement, such as is here alleged, or with an allegation in a petition that the transaction between the insured and another was fully known to the insurer at the time the policy was issued.

Appellant also stresses a provision in the policy which provides an assignment of interest under the policy shall not bind the company until its consent is endorsed thereon and states no assignment appears on the policy and no consent is endorsed thereon. That is factually true but here again we are confronted with an endorsement in which appellant agreed to protect the interests of both parties with full knowledge of their arrangement, according to the allegations of the petition, which on demurrer must be accepted as true.

Appellant directs attention to a policy provision that no action shall lie against the insurance company unless as a condition precedent thereto there shall have been full compliance with the terms of the policy. It also refers to G. S. 1949, 60-743 which provides:

"In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegations be controverted, the party pleading must establish, on the trial, the facts showing such performance."

Appellant stresses the fact the petition does not allege such performance. It is true the petition does not allege performance in so many words. The statute does not make it mandatory such statement be categorically made. It merely says it shall be sufficient if it so states. Instead of merely so stating plaintiff-appellee in the instant case undertook to allege the material facts showing full compliance with the policy. Neither the policy nor the statute requires such a categorical statement of performance in addition to allegations showing performance. Appellant cites no authorities to the contrary and our research has revealed none.

In addition to allegations pertaining to the issuance of the original policy and the endorsement the petition discloses Hansen made timely proof of loss, that appellant recognized this proof of loss

and advised the plaintiff-appellee it denied liability on the ground no coverage was available at the time of the loss.

It is true the policy says the *insured* shall make the required proof of loss. In view of the endorsement including Hansen as one of the *insured* and appellant's acknowledgment of proof of loss made by Hansen and in the absence of any complaint concerning the sufficiency of such proof we would not be warranted in concluding the petition did not allege performance of that part of the policy.

Although the petition might have been more artfully drawn in certain particulars, which is frequently true in cases of this character, we think it cannot be said the petition failed to state a cause of action. That is likewise true concerning Hansen's answer when construed as a petition.

The orders overruling the demurrers are affirmed.