No. 39,159

EDWARD E. KOENKE, *Appellee*, v. IOWA HOME MUTUAL CASUALTY COMPANY, DES MOINES, IOWA, *Appellant*, and C. H. HANSEN, *Appellee*.

(264 P. 2d 472)

Opinion filed December 12, 1953.

*Marion Beatty*, of Topeka, argued the cause, and *Charles E. Henshall*, of Chanute, was with him on the briefs for the appellant.

*John C. McCall*, of Chanute, argued the cause, and *Frank P. Eresch*, of Houston, Texas, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This was an action on an insurance policy to recover the value of an automobile destroyed by fire. From an adverse judgment defendant insurance company has appealed.

The case was here previously in an appeal by defendant company from orders overruling its separate demurrers to plaintiff's amended petition and to defendant Hansen's answer, and is found at *Koenke v. Iowa Home Mutual Cas. Co.*, 171 Kan. 565, 235 P. 2d 983.

The allegations of plaintiff's amended petition and of defendant

Hansen's answer are either quoted or summarized in our former opinion and will not be repeated here. Following that decision defendant company filed its amended answer denying liability under the policy, and plaintiff filed a reply thereto. Defendant Hansen then filed a motion for judgment on the pleadings, which was denied. Subsequently the parties entered into a stipulation of facts, a summary of the material portions of which is as follows:

On October 18, 1948, plaintiff was indebted to defendant Hansen in the amount of $3,073.25 for money borrowed to apply on the purchase price of the automobile in question. This indebtedness was secured by a note and chattel mortgage on the automobile. Hansen paid the premium on the policy of insurance covering the car. The policy, in which plaintiff was named as the insured, was issued by defendant company on October 28, 1948. On November 5, 1948, the company executed and placed on the policy the following endorsement:

"Loss if any under coverages D, E, F, G, H and/or combined additional coverage shall be Paid to the insured and Charles H. Hansen as their interests may appear."

On or about July 1, 1949, plaintiff defaulted in his payments to Hansen, the payee and mortgagee in the note and chattel mortgage heretofore referred to. In May, June and July of 1949 plaintiff borrowed sums of money aggregating $500 from a loan company in Wichita, and on each of these three occasions executed a chattel mortgage to the loan company on the automobile in question. On or about August 1, 1949, plaintiff delivered the automobile and certificate of title thereto to Hansen, the latter taking possession of the car at that time and removing it to his farm near Humboldt.

On or about September 11, 1949, the automobile was destroyed by fire. At the date of loss the unpaid balance on the note and mortgage owed by plaintiff to Hansen was $2,523.75, and was in default. Final payment on the loans obtained by plaintiff from the loan company in Wichita was not made until a considerable time subsequent to the date of loss. The value of the automobile on the date of its destruction was less than the value of Hansen's interest therein.

After hearing the case on the pleadings and the agreed statement of facts, the trial court rendered judgment in favor of plaintiff and defendant Hansen in the amount of $2,500, with six percent interest thereon from date of loss, and for costs. The question of an

attorney's fee was left for future determination and is not involved in this appeal.

Defendant company's specification of error is that the trial court erred in awarding any judgment to plaintiff or to defendant Hansen for the reason that no insurance coverage existed at the time of the loss, and in its brief states the two questions involved to be:

"1. Is the defendant insurance company liable under the fire coverage of its policy (Coverage F) for the value of an automobile destroyed by fire while the automobile was subject to three mortgages totaling $500 and not specifically declared and described in this policy, which situation is plainly declared to be excluded in 'Exclusion h' of said policy?

"2. Is the defendant insurance company liable under the coverage described above while the said automobile was security for a $3,073 note, executed by the insured and not specifically declared or described in this policy?"

Under the heading of "EXCLUSIONS" the policy provided:

"THIS POLICY DOES NOT APPLY: . . . (h) under coverages D, E, F, G, H, I and J, while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy;"

Nowhere in the "Declarations," which are a part of the policy, the policy itself, or any endorsements thereon, is any mention made of the chattel mortgage to Hansen, or of the three chattel mortgages to the loan company in Wichita, and appellant relies upon the well-established general rule followed in *Nowak v. City of New York Ins. Co.*, 141 Kan. 571, 42 P. 2d 954, to the effect that such provisions in a policy of fire insurance on personal property are valid and enforceable, and that a breach thereof by an insured voids the policy.

We recognize the rule announced in the Nowak case and adhere to it, but the trouble with appellant's argument is that the rule has no application to the facts before us.

With respect to the second of the two questions set out above, appellant, while admitting that the chattel mortgage from plaintiff to Hansen existed, denies that it was notified of the fact prior to or at the time the policy was written.

An answer to this contention is that just a few days after the execution of the policy, in which plaintiff was named as the insured, the company executed and attached to it the endorsement heretofore referred to, by the terms of which it undertook to insure both plaintiff and Hansen "as their interests may appear," and, as was said in our former decision, such endorsement was clearly a recognition by the company that Hansen had an interest in the automobile to be

protected by insurance. That he had such an interest cannot be denied.

We now touch briefly on appellant's first question, *supra.* Conceding, for the sake of argument, that as to plaintiff the policy was voided when, without notice to appellant, he executed the three chattel mortgages to the loan company in Wichita, nowhere does appellant point out that such fact would in any way affect its liability to Hansen under the policy. And neither is there any complaint concerning the fact the judgment rendered was in favor of both plaintiff and Hansen. In any event, the disposition of the proceeds thereof is of course no concern to appellant. Its point is that it simply is not liable to either party. We cannot agree. By the endorsement, which was entirely silent concerning the nature and character of their respective interests, the company, nevertheless, contracted to and did insure those interests whatever they might prove to be.

The judgment of the trial court is affirmed.