JOHN E. BAIRD, APPELLEE, v. UNION MUTUAL LIFE INSUR-
ANCE COMPANY, APPELLANT.*

FILED JUNE 28, 1919.   No. 20529.

1. **Insurance**: AUTHORITY OF AGENT: ESTIMATE. "An agent of a life
insurance company, the limitation of whose power is set forth in
the application for insurance, which limitation is expressly called
to the attention of the applicant, cannot vary the terms of the
policy by an estimate of results of the policy attached by him
thereto." *Kaley v. Northwestern Mutual Life Ins. Co.*, 102 Neb.
135.

2. ————: TENDER: SUFFICIENCY: WAIVER. An insurance company
offered to pay insured the amount due him under its contract
of insurance, but did not make a formal tender of the money.
Insured refused to accept the sum offered and demanded a greater
amount. *Held*, a more formal tender was not necessary to relieve
insurer from liability for interest and attorney's fees; it appear-
ing that a more formal tender of the money would not have been
accepted.

APPEAL from the district court for Lancaster county:
P. JAMES COSGRAVE, JUDGE. *Reversed.*

*Hainer, Craft & Lane*, for appellant.

*Lincoln Frost, contra.*

MORRISSEY, C. J.

Action to recover on a tontine life insurance policy.
The amount in dispute is $1,439.55, being the difference
between the sum claimed by plaintiff from the surplus
under a "rider" or slip attached to the policy and the
amount found due by the company's actuary on the
policy without the rider. The item of $2,579.25 payable
from the reserve is not in dispute. There was judgment
for plaintiff for the full amount, and defendant appeals.

What is the contract between the parties? November
17, 1896, plaintiff made application to defendant for a
policy in the sum of $5,000 under the tontine plan, pay-
able in 20 years. The application contained the follow-

———
*On rehearing, interest, costs and attorney's fees allowed. See
104 Neb. p. ——

ing provisions: "I hereby agree that this application and the policy hereby applied for, taken together, shall constitute the entire contract between the parties hereto * * * and that the distribution of surplus which may be adopted and approved by the company is hereby accepted by me in my own behalf, and for every person who shall have any interest in the policy now applied for." The policy contained the following provision prominently displayed in large type: "No agent nor any other person except the president, vice president, secretary or actuary, has power to alter or change in any way the terms of this contract, or waive any of its terms or conditions or any forfeiture. Any change in, or waiver of, the terms or conditions of this contract by said officers, must be in writing."

The policy is dated Portland, Maine, November 25, 1896. It was mailed to Mr. A. D. Workman, the managing agent of defendant at Kansas City, Missouri. It was forwarded from Mr. Workman's office to plaintiff with the rider, partly printed and partly written, attached. Plaintiff claims that this rider forms a part of the contract and seeks to recover thereunder. Defendant tenders payment under the terms of the policy as it left its home office executed by the officers of the company, and denies the authority of Workman to change the terms of the policy, or that it had any knowledge of such attempted change until after the expiration of the tontine period, when the insured made his claim thereunder. It points to the language of the application signed by plaintiff wherein he agreed that the application and the policy, taken together, should constitute the agreement between the parties; that the policy expressly provides that no agent should have authority or power to alter or change the terms of the contract; and that in the application plaintiff agreed that "the distribution of surplus which may be adopted and approved by the company is hereby accepted by me in my own behalf and for every person who shall have interest in the policy now applied for."

There is some dispute as to the construction to be given the rider; but unless it became a part of the policy its language is not material. First, it may be noted that the policy is dated Portland, Maine, November 25, 1896, while the rider is dated Kansas City, Missouri, December 1, 1896. The policy is executed by the president and the secretary of the company, officers authorized under the terms of the policy to write such contract. The rider shows upon its face that it was not executed at the home office of the company and that it was executed six days subsequent to the execution of the policy. It is not signed or executed by any officer of the company, but is signed by a mere agent. Plaintiff, however, asserts that the company had notice that this rider was attached because, when he received the policy, he discovered that in making a copy of his application an error had occurred; that he thereupon wrote the agent, Workman, calling attention to this error; that Workman then wrote plaintiff to send the policy to him and he would have this correction made at the home office. Plaintiff testifies that thereupon he sent the policy to Workman, and that subsequently it was returned to him with the correction made, and that all the time this rider was attached. Whether these circumstances, if standing alone, would be sufficient to bring home to the company knowledge of the existence of this rider, it is not necessary to decide, for the record contains the positive testimony of the secretary of the company that such knowledge was not brought home to the company. Nor does the record show that the policy was sent to the home office by Workman. If this rider is not a part of the contract, then the amount tendered by defendant, if it was a full and complete tender of that amount, is admitted to be all that was due.

In *Kaley v. Northwestern Mutual Life Ins. Co.*, 102 Neb. 135, was presented a question similar to that presented in the instant case. A Wisconsin contract was in suit, and both parties relied upon the decisions of the

Baird v. Union Mutual Life Ins. Co.

Wisconsin courts. The opinion points out the holdings, not only of the Wisconsin courts, but of other courts of last resort where riders are attached by an agent. The concluding discussion is applicable here, but we quote only from the syllabus: ''An agent of a life insurance company, the limitation of whose power is set forth in the application for insurance, which limitation is expressly called to the attention of the applicant, cannot vary the terms of the policy by an estimate of results of the policy attached by him thereto.'' Adhering to this rule, we hold that the rider in this case did not become a part of the contract between the parties.

The sole remaining question is whether the tender made by defendant is sufficient to relieve it from liability for attorney's fees and interest due since the date of tender. It does not appear that a formal tender of the amount was actually made in cash, but the testimony of plaintiff and his attorney is to the effect that defendant offered to pay the amount we find to be due. Plaintiff insisted upon payment of the amount for which this suit was brought. The parties were unable to agree upon an amount. It appears that defendant was ready and willing to pay the amount thus fixed, but plaintiff refused to accept it in full settlement. Under these conditions, an actual tender of the amount in money would not have been accepted, and a more formal tender than that which was made was waived by the conduct of plaintiff.

It follows that plaintiff is not entitled to a judgment for attorney's fees, interest, or costs. The judgment of the district court is reversed and the cause remanded.

REVERSED.

LETTON, J., not sitting.