MAMIE GIPSON, APPELLEE, v. METROPOLITAN LIFE INSURANCE COMPANY, APPELLANT.

FILED JUNE 24, 1924. No. 22800.

Insurance: ATTORNEY'S FEES. Where an insurance company offered to pay to the beneficiary the amount due upon the contract upon

the furnishing of proofs of loss as required by the contract, and where after proofs of loss were furnished the insurer with due diligence in the usual course of business was proceeding to pay the amount due, and where within a few days after mailing proofs of loss an action was commenced upon the contract, and where before answer day the insurer tendered the amount due, which was refused unless an attorney's fee of $100 was added, and where the insurer offered to confess judgment for the amount due, which was accepted, an attorney's fee is not properly taxable as costs under section 7811, Comp. St. 1922.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Reversed, with directions.*

*Reavis & Beghtol,* for appellant.

*R. J. Greene,* contra.

Heard before MORRISSEY, C. J., LETTON, DEAN, DAY, GOOD and THOMPSON, JJ.

DAY, J.

This is an appeal by the defendant from the allowance of an attorney's fee of $100 as part of the costs in an action upon two insurance policies. The petition was filed February 18, 1922, and set out three separate causes of action based upon three insurance policies, issued by the defendant company upon the life of John S. Gipson. The petition was in the usual form, and alleged that there was due the plaintiff upon the first policy $362.80, upon the second policy $503.72, and upon the third policy $1,015.08. On March 17, 1922, the defendant filed an answer admitting the execution and delivery of the three policies. It denied that there was due upon the first policy the amount claimed thereon by the plaintiff, and alleged there was due the sum of $289.08, and no more. The defendant also denied that there was due upon the second policy $503.72, as claimed by plaintiff, and alleged that John S. Gipson had borrowed $100 on the policy, and that after deducting the amount borrowed, with interest, there was due upon the second policy $393.79. As to the third policy, the defendant pleaded that the insured had failed to pay the premium

when due, and as provided in the policy it became forfeited, and there was nothing due to the plaintiff thereon. On the same day that the defendant filed its answer, it also filed an offer to confess judgment upon the first and second policies for the amount it admitted to be due, to-wit: On the first policy $289.08, and on the second policy $393.79. On March 18 the offer was accepted by the plaintiff, and judgment was rendered upon the two causes of action for $682.87, which was subsequently paid. Thereupon the plaintiff moved for an allowance of an attorney's fee as a part of the costs. Upon a hearing the court allowed an attorney's fee of $100.

It appears that John S. Gipson died January 24, 1922, and his funeral was held January 27, 1922. On January 31, 1922, the attorney for the plaintiff wrote to the defendant at its New York office, notifying it of the death of Gipson. On February 2, 1922, the defendant's local agent, who had learned of the death of Gipson the day before, called on the plaintiff and told her that the amount due on the policies would be paid as soon as proofs of loss were made, and tendered his assistance in making up the claim for loss. He asked her to bring the policies to his office the following day, and informed her that he would make up the proofs in proper form, and that the money would be sent in a few days. This she agreed to do. On the following day the plaintiff telephoned the agent that she could not bring the policies; that she had given them to her attorney, and that he refused to give them up. She asked the agent to confer with her attorney. The agent called upon the attorney and offered to assist in making up the proofs, and informed him that the amount due would be paid within a few days after the proofs were received. The attorney seems to have regarded the proffered assistance as a reflection upon his capacity to look after his client's interests. and told the agent to "keep out," that he was handling the business direct with the home office. On February 8, 1922, the plaintiff mailed sworn proofs of loss to the home office. On March 6, 1922, the agent notified the plaintiff that drafts covering the amount due upon the two policies were

ready for delivery and would be turned over in exchange for the policies. Plaintiff's attorney refused to accept the amount unless an attorney's fee of $100 was also paid. The plaintiff's claim for an allowance of an attorney's fee is based upon section 7811, Comp. St. 1922, which, in so far as applicable to the present case, provides in substance that, in all cases where the beneficiary brings an action at law to recover upon any life insurance policy, the court upon rendering judgment against the company shall allow the plaintiff a reasonable sum as an attorney's fee, in addition to the amount of recovery, to be taxed as part of the costs. The purpose of the statute was to allow an attorney's fee to a successful plaintiff, in the class of cases covered by the statute, where resort to law was reasonably necessary to secure his rights.

Under the facts in this case, there appears to have been no reasonable necessity of bringing an action upon the two policies to recover the amount due thereon. The defendant conceded its liability immediately upon being notified of the death of the insured, and was ready at all times to pay the amount due upon the policies upon receipt of proofs of loss as provided by the contract. After proofs of loss were furnished, the defendant with reasonable dispatch was proceeding in the usual course of business to pay the amount due. The proofs of loss were mailed from Lincoln, Nebraska, to New York, and within ten days after the proofs were mailed this action was begun. Before answer day the defendant tendered to plaintiff the amount due upon the policies, which was refused unless an attorney's fee of $100 was also paid. Subsequently, as heretofore stated, the amount offered was accepted.

We think the facts in this case bring it within the rule announced in *Baird v. Union Mutual Life Ins. Co.*, 103 Neb. 609. Upon a rehearing in the *Baird* case, reported in 104 Neb. 352, the rule announced was not changed, but it was held the facts did not bring it within the rule.

When the facts were fully disclosed there was no *bona fide* dispute between the parties. The defendant was act-

ing in good faith and appeared to be anxious to pay its obligation under the contract.

Under the facts disclosed by the record, we are of the view that no allowance of an attorney's fee should have been made.

The judgment is reversed and the cause remanded, with directions to enter judgment in accordance with this opinion.

REVERSED.

Note—See Life Insurance, 25 Cyc. p. 956.