J. C. MESSING, APPELLEE, V. DWELLING HOUSE MUTUAL INSURANCE COMPANY, APPELLANT.

FILED OCTOBER 11, 1929. No. 27058.

*G. E. Hager,* for appellant.

*J. C. McReynolds, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ., and REDICK, District Judge.

THOMPSON, J.

The appellee recovered a judgment in the district court against appellant on a real estate fire insurance policy. Thereafter appellant filed a petition in the same case, under sections 9160 and 9167, Comp. St. 1922, seeking to have such judgment vacated, alleging as a basis therefor fraud and perjury on the part of this appellee (the then plaintiff) in the procurement thereof. Trial was had to the court and judgment rendered denying such vacation, and as a part of the costs there was taxed to appellant in favor of appellee as a reasonable attorney's fee the sum of $150 under section 7810 of the aforesaid statutes. In this section it is provided: "The court, upon rendering judgment against the insurance company upon any such policy of insurance mentioned in the next preceding section, shall allow the plaintiff a reasonable sum as an attorney's fee, to be taxed as part of the costs. If the cause is appealed, the appellate court shall in like manner allow the plaintiff a reasonable sum as an attorney's fee for the appellate proceedings." This section, as well as that "next preceding," is a part of our statutes relating to insurance, and the policy here involved is one designated in such "next preceding" section. The appellant concedes this conclusion; further, that if this were the original action on the policy an attorney's fee on recovery should have been ascertained and taxed in favor of such successful plaintiff. However, it urges that this is not an action on a policy of insurance, but one to set aside a judgment; and it interposes the further challenge that the judgment is against the weight of the evidence and is without support in the record. As to the latter contentions more need not be said than that we have carefully examined the bill of exceptions in connection with the pleadings, and also the authorities cited. The rule as to the evidence required in such a case is: "It is in the highest degree essential to the welfare of the community, and to the respect which should be given to and the confidence which ought to exist in the judgments of a court, that they should not be set aside unless upon the strongest and most convincing grounds."

*Scudder v. Evans,* 105 Neb. 292. It is our conclusion, as it must have been that of the trial court, that the appellant herein has not brought itself within the above rule. Hence, the prayer of its petition should be denied, and the judgment should include all taxable costs arising out of the controversy.

This leaves for our consideration the question of whether or not error was committed in taxing as a part of the costs an attorney's fee in favor of appellee. We held in *Lancashire Ins. Co. v. Bush,* 60 Neb. 116: "Permitting the taxation as costs of a reasonable attorney's fee upon rendering judgment against an insurance company on a contract insuring real estate is grounded on considerations of public policy and is constitutional." In the course of the opinion in this case, Judge Sullivan went deeply into the reasons prompting such an enactment, as well as the purpose thereof, all of which are as forceful today as they were at the time they were set forth in such opinion, and are applicable to the facts reflected by the record before us.

In our view, the action continues as one on the policy, where the proceeding to vacate the judgment is had in the same case, and the matters presented by the insurance company for the court's consideration would, if found to be true, require the vacation of such judgment and a retrial on the policy. The proceeding to vacate is but a continuation of the appellant's resistance to appellee's right of recovery on the policy. The trial court having found that the appellee had an enforceable judgment as against appellant, and that the latter without a justifiable reason therefor had compelled the additional costs and attorney's fee to be incurred by the appellee, such court was clearly within its rights, under the provisions of section 7810 hereinbefore quoted and the section "next preceding," in awarding a reasonable attorney's fee to appellee.

This conclusion commends itself to our sense of justice and equity, and, as we view these statutory provisions, it is not in conflict with our holding in *Branson v. Branson,* 84 Neb. 288, wherein we stated: "The power to award and

tax costs in legal proceedings being unknown at common law, statutes providing therefor are to be strictly construed."

The judgment of the trial court is affirmed, and an additional attorney's fee of $100 for services in this court is awarded to appellee to be taxed as part of the costs.

AFFIRMED.