No. 40,257

FRED GROFF and H. L. HAMMETT, a co-partnership doing business under the firm name and style of G-H Motors, *Appellee,* and JAMES T. POINDEXTER, *Appellee* and *Cross Appellant,* v. AUTOMOBILE OWNERS SAFETY INSURANCE COMPANY, a Corporation, *Appellant.*

(306 P. 2d 130)

Opinion filed January 12, 1957.

A. L. *Foster*, of Parsons, argued the cause, and *J. Logan Shuss*, of Parsons, was with him on the briefs for the appellant.

*Herman W. Smith, Jr.*, of Parsons, argued the cause, and *Elmer W. Columbia*, and *John B. Markham*, both of Parsons, were with him on the briefs for the appellees and cross appellant.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover on an automobile insurance policy issued by defendant Automobile Owners Safety Insurance Company to plaintiff James T. Poindexter, insuring him against loss or damage to his automobile by virtue of collision, and also insuring against medical and hospital expense incurred from injuries received while riding in the automobile. As a part of the policy there was attached a standard mortgage clause protecting and insuring the interest of the mortgagee. The policy covered the Dodge which Poindexter purchased from plaintiffs Fred Groff and H. L. Hammett, doing business as G-H Motors. They took a purchase money mortgage on the car and endorsed it to The Commercial Bank of Parsons. When default occurred, it was reassigned to G-H Motors. The action was brought by plaintiffs Poindexter and G-H Motors, hereafter referred to as assured and mortgagee, respectively, against defendant Automobile Owners Safety Insurance Company, hereafter referred to as insurer or insurance company. The petition, as amended, stated two causes of action. In the first cause of action, Poindexter and G-H Motors sought to recover $2,100, as their interests may appear, for property damage to the automobile occasioned by a collision which occurred October 10, 1953, while the car was being driven by Poindexter. In the second cause of action, Poindexter sought to recover for medical expense paid by him for injuries to his wife as a result of the collision, in the maximum sum of $500 provided in the policy.

The defendant was a foreign corporation and not authorized or admitted to do business in Kansas. The action was therefore brought, and service of process obtained on defendant, pursuant to the Unauthorized Insurers Process Act (G. S. 1949, Ch. 40, Art. 20). Defendant answered, admitting it was a foreign corporation not authorized to do business in Kansas, and denied it had been or was doing business in the state, or had committed any acts within the purview of the act, and alleged the court was without jurisdiction

of the persons of defendant or the subject matter. Defendant admitted the execution of the policy, but denied liability to plaintiffs, for the reason the policy was obtained through false representations and fraud on the part of the insured. Prior to the trial the parties entered into an agreed statement of facts, and as far as pertinent to the questions here involved, is as follows: Defendant was a foreign corporation neither organized nor authorized to do business in Kansas. Its principal place of business was in Missouri. In August, 1953, plaintiff Poindexter purchased a Dodge, and on August 10 executed his promissory note in the amount of $1,940.88, with interest at ten percent per annum from maturity, payable in monthly installments to G-H Motors, and on the same date executed a chattel mortgage to G-H Motors on the automobile, securing the note. Subsequently, the note was assigned to The Commercial Bank of Parsons by G-H Motors, and reassigned by the bank to G-H Motors, without recourse. On October 5th or 6th, plaintiff Poindexter went to the office of defendant in Kansas City, Missouri, and had a conversation with W. T. Irons about issuing an automobile liability insurance policy to plaintiff covering his Dodge on liability to third persons, medical payments and collision. Plaintiff signed a written application bearing the date of October 6 for such insurance policy and paid defendant a premium of $26.50. Defendant issued its policy No. 3231 on October 8, 1953, effective at 12:01 a. m., and enclosed it in an envelope addressed to plaintiff Poindexter at Parsons, and posted it for transmittal in the United States mail in Kansas City, Missouri. A copy of the insurance policy, attached to plaintiff's petition, and his application for insurance, attached to defendant's answer, were admitted. Plaintiff wrote the president of the insurance company acknowledging receipt of policy No. 3231 and advised there was no loss payable clause attached to the policy, payable to The Commercial Bank of Parsons, and requested such clause be attached. The insurance company executed the clause, being endorsement No. 1, to be attached to the policy, effective October 8, 1953. The endorsement provided that in the event of loss or damage, any sum due under it should be payable to Poindexter and "The Commercial Bank of Parsons, P. O. Box 505, Parsons, Kansas," and further provided:

". . . ˙and this insurance as to the interest of the . . . Mortgagee . . . (herein called the Lienholder) shall not be invalidated by any act or neglect of the . . . Mortgagor or Owner of the within described automobile nor by any change in the title or ownership of the property;

. . . that in case the . . ., Mortgagor or Owner shall neglect to pay any premium due under such policy the Lienholder shall, on demand, pay the same."

The policy named J. T. Poindexter as insured, and covered medical payments $500, collision actual value less $50. It was further agreed that on October 10, 1953, plaintiff Poindexter, while driving the automobile described in the insurance policy, had a collision with another vehicle in Crawford County; that the salvage value of the automobile was $225, and the amount of damage to it by virtue of the collision was $2,150; that the policy contained a $50 deductible provision, making the total net damage to the automobile $2,100, and that due to the collision Ethel Poindexter, plaintiff's wife, incurred medical expenses in excess of $500.

The cause proceeded to trial. Defendant contended the court had no jurisdiction over it and that it had committed no act specified in the Unauthorized Insurers Process Act for the reason it was not doing business in Kansas, that the policy was void by reason of the fraud and misrepresentations of Poindexter in securing its issuance, and that the mortgagee had no greater rights than Poindexter.

Plaintiff introduced evidence that defendant was doing business in Kansas so as to come within the provisions of the mentioned act, subjecting him to service of summons in order to confer jurisdiction in the matter. The question whether plaintiff secured the policy by misrepresentation and fraud was submitted to the jury on conflicting evidence of the parties, and that issue was determined in favor of plaintiff Poindexter and against the defendant. There was no contention that the finding was unsupported by sufficient evidence. The jury returned its general verdict in favor of plaintiff G-H Motors, mortgagee, in the sum of $1,755.57 ($1,473.27 principal and $282.30 interest), and in favor of plaintiff Poindexter, insured, in the sum of $344.43, making a total of $2,100, the agreed value of the damage to the car, in the first cause of action, and a verdict in favor of defendant against plaintiff Poindexter in the second cause of action, and the trial court entered judgment accordingly. From an order overruling defendant's post trial motion, it appeals, as well as from the order allowing attorney fees in plaintiff's motion. From an order overruling plaintiff Poindexter's motion for judgment notwithstanding the verdict in his second cause of action, he cross appeals. Plaintiff also filed a mo-

tion for allowance of attorney fees under G. S. 1949, 40-2004, which was sustained and allowed.

Defendant first contends plaintiff's counsel was guilty of misconduct prejudicial to it when, by implication in cross examining one of defendant's witnesses, counsel insinuated defendant had conducted its insurance business against the laws of Kansas, and in admitting evidence, over defendant's objection, to the effect that defendant was charged by the Federal Trade Commission with false and misleading advertising. It must be remembered that defendant, at all times throughout the trial of the case, contended it was not doing business in Kansas, and that by reason thereof the court had no jurisdiction over it. It was not until defendant filed its brief in this court that it admitted the trial court had jurisdiction of the case under the Unauthorized Insurers Process Act. The purpose of the mentioned act is to subject certain insurers to the jurisdiction of courts of this state in suits by or on behalf of insureds or beneficiaries under insurance contracts. The legislature declared it was a subject of concern that residents of this state hold policies of insurance issued or delivered by insurers while not authorized to do business in this state, thus requiring such residents to resort to distant forums in order to assert their legal rights under such policies. The legislature provided a method of substituted service of process upon the insurers, in order to protect its residents, and defined what constitutes doing business in this state. (Sec. 40-2001.) Section 40-2002 provides, in part, that service of process may be had on any insurer committing any of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign or alien insurer: (1) The issuance or delivery of contracts of insurance to residents of this state, and (2) the solicitation of applications for such contracts.

It was admitted that defendant was a foreign corporation, neither organized nor authorized to do business in Kansas. In view of the mentioned statute, it was incumbent upon plaintiff to show that defendant was, in fact, doing business in Kansas to come within the purview of the act, i. e., that it delivered the contract of insurance in Kansas, and/or solicited plaintiff's application for such contract. The evidence disclosed that plaintiff received advertising matter from the defendant and, in response, went to Kansas City, made application, and the policy was issued. The evidence also disclosed that the policy was mailed to plaintiff at his address in

Parsons, and that plaintiff subsequently advised defendant by mail that it had failed to include the loss payable clause. In turn, defendant, by endorsement, included the loss payable clause and mailed it to plaintiff at Parsons. This evidence was material. While plaintiff's counsel asked other leading questions pertinent thereto, objection was made by defendant which the court sustained. Defendant's counsel made no motion to strike the questions, nor did he ask the court to admonish the jury to disregard them. However, the court in an instruction to the jury stated that statements of counsel were in no sense to be considered as evidence, and that the jury should likewise disregard evidence proffered and rejected by the court, and to disregard all evidence stricken from the record or withdrawn from its consideration. Inasmuch as it was necessary for plaintiff to show that defendant solicited him by mail to take a policy, we feel there was no prejudicial error committed.

Defendant next contends that the court erred in allowing plaintiff G-H Motors to amend its petition to conform with the proof to show that there was $1,473.27 due on the principal, and $282.30 interest due on the note to mortgagee at the date of trial, and that the court erred in instructing the jury if it found for plaintiffs in the first cause of action, it would render a verdict in favor of G-H Motors, mortgagee, in the sum of $1,473.27, plus interest of $282.30, and in favor of plaintiff Poindexter in the sum of $344.43. Defendant was in no position to complain on this issue. It had stipulated with plaintiffs that the damage to the automobile by virtue of the collision was $2,100. The total sum of the verdict allowed plaintiffs under the instruction of the court was $2,100. Inasmuch as the jury found there was no fraud in securing the policy, defendant was not liable for more than the agreed amount of damage, and it was in no position to complain about how the money was divided between the assured and the mortgagee. (*Koenke v. Iowa Home Mutual Cas. Co.*, 175 Kan. 473, 476, 264 P. 2d 472.)

Defendant further contends the trial court's allowance of attorney fees to plaintiffs' attorney, under G. S. 1949, 40-2004, was excessive. The evidence of competent, experienced attorneys relative to the value of the services rendered, sustained the amount allowed by the court. No contrary testimony was offered. The court fixed the fees at $1,500. The reasonable value of such fees under legislative mandate rests largely in the sound discretion of the trial court, and such allowance will not be reversed on appellate review when

supported by competent evidence. (*Bennett v. Bennett,* 175 Kan. 692, 698, 266 P. 2d 1021, and cases therein cited.) There was no abuse of that discretion.

Plaintiff Poindexter, by way of cross appeal, contends that inasmuch as the jury found there was no fraud in obtaining the policy, the provisions of the policy controlled, and since the jury found plaintiffs were entitled to recover on their first cause of action for damages to the automobile, Poindexter's motion for judgment notwithstanding the verdict should have been sustained, and the trial court should have entered judgment for him on the second cause of action for $500 medical expenses incurred by his wife. It is true there is nothing in the record to throw any light on the question of how the jury arrived at its verdict. This matter was not covered by the special questions submitted to the jury. However, in the instructions given the jury, the two causes of action were submitted separately and the general verdict was to the same effect. The trial court approved the verdict and entered judgment accordingly, and its action was entitled to great weight.

We have concluded substantial justice has been done and that the only proper disposition of this appeal and the cross appeal is to affirm the judgment of the trial court upon the condition that plaintiff Poindexter, within ten days from the date this opinion is filed, notify the clerk of this court and forward copies to the clerk of the trial court, and to attorneys for defendant that he accepts, and abides by, the judgment of the trial court as allowed and, upon his failure to do so, a new trial is ordered between the parties on all issues. (*Courtright v. Moore,* 176 Kan. 49, 269 P. 2d 480.)

It is so ordered.

HALL, J., not participating.