404 P.2d 634

John C. HALLIDAY, Plaintiff-Respondent,

v.

FARMERS INSURANCE EXCHANGE, Defendant-Appellant.

No. 9543.

Supreme Court of Idaho.

July 28, 1965.

Elam, Burke, Jeppesen & Evans, Boise, for appellant.

Clemons, Skiles & Green, Boise, for respondent.

McQUADE, Chief Justice.

On January 28, 1962, John C. Halliday, plaintiff-respondent, was injured by an uninsured motorist while stopped pursuant to a yield right-of-way sign in Boise. Halliday was insured by Farmers Insurance Exchange (herein referred to as Farmers), defendant-appellant herein, under a policy providing coverage for loss which an uninsured motorist would be legally responsible to pay.

Farmers paid for repairs to the respondent's automobile except for the deductible portion, but the parties could not agree upon the amount of damages for respondent's personal injuries.

On November 30, 1962, respondent filed a proof of claim and on December 19, 1962, respondent's attorneys wrote the claims representative of Farmers, setting damages at $12,798.80.

Almost one year from the date of the accident, respondent filed this action against Farmers for damages by virtue of the policy. In its answer Farmers denied all

liability and affirmatively alleged Halliday was contributorily negligent, that the accident was unavoidable, that Halliday was premature in filing an action inasmuch as liability had not been established, and that arbitration was a required condition precedent under the policy and no such arbitration had been requested or undertaken.

Farmers states in its brief that at trial, held January 15 and 16, 1964, after Halliday rested his case, Farmers by amendment admitted certain facts previously denied and eliminated its affirmative defenses of contributory negligence and unavoidable accident, thereby leaving the sole question of the amount of Halliday's damages for personal injuries. The jury returned a verdict in favor of Halliday in the amount of $2,300.

At a pretrial conference the parties stipulated that if liability was established, the court should determine the amount of attorney fees to be paid by Farmers. Thereafter, by stipulation, judgment was to be entered in favor of Halliday in the amount of the jury award and attorney fees to be determined by the trial court.

Farmers appeals from that portion of the judgment awarding attorney fees.

The single assignment of error is that the trial court erred in awarding attorney fees because Halliday demanded and sued for more than was "justly due" him, the amount justly due being the amount of the jury verdict.

Interpretation of our statute is sought by this appeal:

"41–1839. Allowance of attorney fees in suits against insurers.—(1) Any insurer issuing any policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the *amount justly due* under such policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, certificate or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action.

"(2) In any such action, if it is alleged that before the commencement thereof, a tender of the full amount justly due was made to the person entitled thereto, and such amount is thereupon deposited in the court, and if the allegation is found to be true, or if it is determined in such action that no amount is justly due, then no such attorney's fees may be recovered.

"(3) This section shall not apply as to actions under the workmen's compensation law which are subject to section 72–611, Idaho Code. This section shall not apply to actions against surety insurers by creditors of or claimants against a principal and arising out of a surety or guaranty contract issued by the insurer as to such principal, unless the liability of the principal has been acknowledged by him in writing or otherwise established by judgment of a a court of competent jurisdiction." (Emphasis supplied)

Farmers contends that the statute is penal and, therefore, requires strict construction by the courts and that the statute must not be extended to cases which do not clearly come within its meaning.

In the area with which we are now concerned, the statutes of Oregon and Nebraska were heretofore considered; Molstead v. Reliance National Life Insurance Co., 83 Idaho 458, 465, 364 P.2d 883 (1961). Statutes of Florida and Kansas are similar in import. Those statutes in part read:

Oregon, 736.325. "Recovery of attorney fees in action on policy. (1) If settlement is not made within six months from the date proof of loss is filed * * * and a suit or action is brought in any court * * * and the plaintiff's recovery exceeds the amount of any tender made * * *, then the plaintiff, in addition to the amount that he may recover, shall be allowed and shall recover as part of his judgment such sum as the court or jury may adjudge to be reasonable as attorney's fees."

Nebraska, 44–359. "Policies; actions; attorney's fees. In all cases * * * the court, upon rendering judgment against such company, person or association, shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his recovery * * *."

Florida, 627.0127, F.S.A. "Attorney fee.—Upon the rendition of a judgment or decree by any of the courts of this state against an insurer in favor of an insured * * *, the trial judge shall adjudge or decree against the insurer and in favor of the insured or beneficiary, a reasonable sum as fees or compensation for the insured's or beneficiary's attorney * * *."

Kansas, 40–256. "Attorney fees in actions on insurance policies; exception. That in all actions hereafter commenced, in which judgment is rendered against any insurance company * * *, if it appear from the evidence that such company or exchange has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow

the plaintiff a reasonable sum as an attorney's fee * * *."

As regards these statutes, the following views are expressed by the Supreme Courts of Florida and Kansas on the question of whether they are penal or compensatory in nature. The Florida court in Salter v. National Indemnity Co., 160 So.2d 147 (Fla.App.1964), held:

"The foregoing statute allowing recovery of attorney's fees by successful claimants under an insurance policy is in the nature of a penalty imposed upon insurance companies who wrongfully refuse to pay a beneficiary any amount due under a policy or contract of insurance issued by it. The fact that an insurance company's refusal to pay the amount owed by it under the terms of its contract of insurance was in good faith and on reasonable grounds does not necessarily relieve it from liability for payment of attorney's fees. The purpose of the statute is to discourage the contesting of insurance policies in Florida courts and to reimburse successful plaintiffs reasonably for their outlays for attorney's fees when a suit is brought against them, or they are compelled to sue in Florida courts to enforce their contracts."

On the other hand, the Kansas court has held:

"The purpose of the statute * * * allowing an attorney fee in insurance cases is not to penalize an insurance company for making what it deems to be a bona fide defense to an action to recover on an insurance policy but to permit the allowance of a fair and reasonable compensation to the assured's attorney in the event, after having been compelled to sue on his policy, he is successful in that effort." Lattner v. Federal Union Ins. Co., 160 Kan. 472, 163 P.2d 389 (1945).
And:

"It must be conceded there is a diversity of opinion in other jurisdictions as to whether statutes, which impose attorneys' fees against insurance companies under certain conditions, are subject to strict construction. As a legal proposition we think it more logical to say these statutes are compensatory and not penal. (See, Hagey v. Massachusetts Bonding & Ins. Co., 169 Or. 132, 126 P.2d 836, 127 P.2d 346.)" Wolf v. Mutual Benefit Health and Accident Ass'n, 188 Kan. 694, 366 P.2d 219 (1961).

Likewise, the Oregon court held:
"We share in the view that the appellant could properly believe that it was

entitled to a determination by this court of its liability. We are satisfied that it was prompted by no improper motives. But we do not believe that the aforementioned statute is penal in nature. If it must be defined or classified, we would term it compensatory." Hagey v. Massachusetts Bonding & Insurance Co., 169 Or. 132, 126 P.2d 836, 127 P.2d 346, 347 (1942). Cited in Zurich Insurance Company v. Sigourney, 278 F.2d 826 (1960).

The Nebraska court has yet to determine whether a statutory provision for recovery of attorney fees is penal or compensatory. The Nebraska court, however, in one relevant case said:

"Also, in Branson v. Branson, 84 Neb. 288, 121 N.W. 109, 110, dealing with allowance of attorneys' fees, this court held that: 'The power to award and tax costs in legal proceedings being unknown at common law, statutes providing therefor are to be strictly construed.'" Morton v. Travelers Indemnity Company, 171 Neb. 433, 106 N.W. 2d 710 (1960).

The Morton case indicates that the Nebraska court favors the view that the provision is penal in nature.

This court has not had the exact question before it, but there is reasoning in prior cases which assists in analyzing the problem. In Penrose v. Commercial Travelers Insurance Company, 75 Idaho 524, at page 539, 275 P.2d 969, at page 978 (1954), this court stated:

"The statute in question gives no additional advantage to the insured; it does not provide for damages but provides for reasonable attorneys' fees only; it does not provide any additional sum to go to the insured over and above that provided in the contract but attempts to prevent the sum therein provided from being diminished by expenditures for the services of an attorney; it does not disturb nor alter nor impair the obligation of the contract itself, neither has it any effect on the contract proper; the conditions, terms and extent of liability on the contract are not changed; it affects only the cost of unsuccessful litigation; moreover, the parties entered into the insurance contract charged with the knowledge of the reserved police power of the state which may at any time be invoked in the promotion of the general welfare by enlarging from time to time the remedies and procedures in connection with insurance contracts; the statute challenged does not affect the substantive matter of the contract; *it only enlarges the remedies and procedures available to an insured* whose claim is not paid who is obligated to litigate and does successfully litigate

his claim under the insurance contract." (Emphasis supplied)

Allowance of attorney fees has generally been left to the discretion of the trial court in the event of recovery by an insured. Other jurisdictions having similar statutes have held that the amount of attorney fees recovered is left to the discretion of the trial court. The rule is set forth in Penrose v. Commercial Travelers Insurance Company, supra, at page 539, 275 P.2d at page 978:

"The statute in question provides that in any action in the courts of this state for the recovery under such an insurance policy insurer shall pay such further amount as the court shall adjudge reasonable as attorneys' fees *unless there is no recovery*. What is a reasonable attorneys' fee is a question for the determination of the court, taking into consideration the nature of the litigation, the amount involved in the controversy, the length of time utilized in preparation for and the trial of the case and other related factors viewed in the light of the knowledge and experience of the court as a lawyer and judge; it is not necessary in this connection that he hear any evidence on the matter although it is proper that the court may have before it the opinion of experts." (Emphasis supplied)

The case of Groff v. Automobile Owners Safety Insurance Co., 180 Kan. 518, 306 P.2d 130 (1957), allowed recovery of $1,500 as reasonable attorney fees where $2,100 was recovered upon the suit. That court said:

"Defendant further contends the trial court's allowance of attorney fees to plaintiffs' attorney * * * was excessive. The evidence of competent, experienced attorneys relative to the value of the services rendered, sustained the amount allowed by the court. No contrary testimony was offered. The court fixed the fees at $1,500. The reasonable value of such fees under legislative mandate rests largely in the sound discretion of the trial court, and such allowance will not be reversed on appellate review when supported by competent evidence. * * There was no abuse of that discretion." At page 134 of 306 P.2d.

In Attebery v. M. F. A. Mutual Insurance Company, 191 Kan. 178, 380 P.2d 327 (1963), the Kansas court allowed $400 as reasonable attorney fees on a verdict of $300. The insurance company had tendered $272.50 to the court and the insured had demanded $750. The court, in allowing the fees, stated that "The real test is the value of the services performed by the attorney on behalf of his client." At page 329 of 380 P.2d.

The material issue is "Who prevails?" If the insured prevails, then that party is entitled to reasonable attorney fees.

Appellant contends that attorney fees are not allowable because respondent claimed a greater amount than the verdict of the jury. In McCrary v. New York Life Ins. Co., 84 F.2d 790, 795 (1936), the Eighth Circuit Court of Appeals construed the Nebraska statute to mean that:

" * * * plaintiff is not entitled to an attorney fee when the recovery does not exceed the tender made, or where plaintiff is not the successful party, or when it appears that there was in fact no reasonable necessity for bringing the action. Baird v. Union Mutual Life Ins. Co., 103 Neb. 609, 173 N.W. 686; Baird v. Union Mutual Life Ins. Co., 104 Neb. 352, 177 N.W. 156; Gipson v. Metropolitan Life Ins. Co., 112 Neb. 302, 199 N.W. 541, 542."

The McCrary case brings out another point of some relevancy. Under the Idaho statute the insurer has a safeguard against claims which it feels are excessive. The second provision of the statute allows the insurer to tender into court the amount which the insurer feels is a just amount for payment in settlement of the dispute. Should the insured fail to recover a sum in excess of the tender, then and in that event attorney fees are not assessable.

Farmers made no tender and denied liability.

Lastly, respondent by his motion seeks attorney fees on this appeal. The Molstead case, supra, held that attorney fees may be allowed if it be determined that an amount is justly due under the contract of insurance. Appellant contends that since the appeal arises only as to attorney fees under I.C. § 41–1839, and not pursuant to provisions of the policy, no attorney fees should be allowed by this court.

An attorney fee is authorized by the statute for refusal or failure to comply with terms of a policy of insurance. Not being a penalty, such attorney fee is an additional sum rendered as compensation subsequent to a determination that the respondent is entitled to recover pursuant to the provisions of his policy. Therefore, the amount of attorney fees awarded in the trial court is not an incidental award but is just compensation. Appellants did not object to the reasonableness of the $500 attorney fee requested on appeal and that sum is allowed. Judgment is affirmed and the cause is remanded with instructions to the trial court to incorporate in the judgment the sum $500 allowed as attorney fees on this appeal.

Costs to respondent.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.