**Richard DAVIS, dba U–Select Hearing, Plaintiff–Appellant,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, a corporation, Defendant–Appellee.**

No. 06–35050.

United States Court of Appeals, Ninth Circuit.

Submitted * Oct. 17, 2007.

Filed Oct. 19, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P 34(a)(2).

Ronald S. George, Esq., Pocatello, ID, for Plaintiff–Appellant.

James D. Larue, Esq., Jeffrey A. Thomson, Esq., Elam & Burke, Boise, ID, for Defendant–Appellee.

Before: D.W. NELSON, BEAM [**], and RYMER, Circuit Judges.

## MEMORANDUM [***]

Richard Davis appeals from the district court's order denying attorneys' fees, costs, and prejudgment interest in his suit against State Farm Fire & Casualty Co. We affirm.

State Farm raises two jurisdictional issues that we consider at the outset. We do not agree that Davis's appeal from the denial of attorneys' fees is untimely for any of the reasons asserted. An order

---

[**] The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

denying fees and costs is collateral to, and separately appealable from, the judgment. *See, e.g., Culinary and Serv. Employees Union, AFL–CIO Local 555 v. Haw. Employee Ben. Admin., Inc.,* 688 F.2d 1228, 1232 (9th Cir.1982). Davis's appeal, filed within 30 days of the order's entry, was therefore timely. *See* Fed. R.App. P. 4(a)(1). Nor do we agree that Davis's motion for prejudgment interest was untimely in the district court; excluding intermediate Saturdays and Sundays from the calculus, Fed.R.Civ.P. 6(a), it was filed within 10 days as Fed.R.Civ.P. 59(e) requires.

■ Davis argues that State Farm waived its right to contest any award of fees, costs, and interest, noting, among other things, that *he* waived the right to appeal confirmation of the appraisal award and that State Farm did not affirmatively state that it rejected the terms of his January 10, 2005 letter. However, these issues are resolved in the parties' stipulation, which unambiguously provides State Farm the right to contest interest, attorneys' fees, and costs. *See, e.g., Chambers v. Thomas,* 123 Idaho 69, 844 P.2d 698, 701 (1992) (noting that "If the written agreement is complete upon its face and unambiguous, no fraud or mistake being alleged, extrinsic evidence of prior or contemporaneous negotiations or conversations is not admissible to contradict, vary, alter, add to or detract from the terms of the written contract.").

■ Davis further maintains that he is the prevailing party as his lawsuit caused State Farm to pay the difference on Coverage A, but it is not sufficient that State Farm voluntarily paid him $35,524.87 apart from the resulting judgment. *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Res.,* 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (indicating that a voluntary change in conduct lacks judicial imprimatur). As there was no material alteration in the parties' legal relationship arising out of any judicial action, the district court did not abuse its discretion in concluding that Davis received everything he was due, and more, prior to filing.

Nor do we see any error in the district court's application of Idaho Code § 41–1839. The inquiry under *Halliday v. Farmers Ins. Exch.,* 89 Idaho 293, 404 P.2d 634, 638 (1965), is essentially "Who prevails?" Given that State Farm's original tender prior to litigation was greater than the figure awarded by the appraisers and confirmed in the judgment, Davis was not denied an amount justly due. As his appeal fails, Davis likewise is not entitled to fees for this appeal.

■ Finally, Davis submits that he was entitled to prejudgment interest on the Coverage A makeup payment because he should have received the money years ago. However, the appraisal award clarified that State Farm's obligation to pay additional money under Coverage A was net of its overpayment on Coverage C—in other words, nothing. Thus, Davis was not harmed and the district court did not abuse its discretion in denying prejudgment interest.

AFFIRMED.